UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 8:18-cv-02201-JLS (JDEx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>[Note Substantive Changes by the Court to Paragraphs 6, 12, 14, 16, 22] |

Plaintiff American River Nutrition, LLC ("ARN") and Defendants Beijing Gingko Group Biological Technology Co., Ltd.; Jiangsu Xixin Vitamin Co., Ltd.; and Jinke Group USA Inc. d/b/a Beijing Gingko Group North America have stipulated that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information. Dkt. 65. Accordingly, the Parties have stipulated to the entry of the following protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c).

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2. With respect to documents, information, or material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) stipulations; and (f) any inspections (and underlying recordings thereof) of implicated facilities, laboratories, and/or places of manufacture. All recordings, copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Order.

3. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

4. Except upon receipt of the prior written consent of the designating party or upon order of the Court, "ATTORNEYS' EYES ONLY" documents, information, and material may be disclosed only to the following persons:

    a. outside counsel of record in this Action;

    b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    c. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:

        (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or a prior, pending case between the same Parties; and

        (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A;

    d. independent litigation support services, including persons working for or as court reporters, translators or interpreters, graphics or design services, jury or trial consulting services, photocopy services, document

imaging services, and database services retained by counsel and reasonably necessary to assist with the litigation of this Action;

  e. mock jurors or shadow jurors who have signed an agreement not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

  f. any mediator who is assigned to this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

  g. the Court, jury, and the Court's personnel.

 5. Except upon receipt of the prior written consent of the designating party or upon order of the Court, "CONFIDENTIAL" documents, information (including any information obtained via inspections - and underlying recordings thereof - of implicated facilities, laboratories, and/or places of manufacture), and material may be disclosed only to the persons in Paragraph 4, as well as to the officers, directors, and employees of the Party receiving the CONFIDENTIAL material to whom disclosure is reasonably necessary for this litigation and who, before access is given, have signed the Undertaking attached as Exhibit A.

 6. The Parties agree to promptly confer and use good faith to resolve any objections to disclosure of Protected Material to an outside consultant or expert pursuant to Paragraph 4.c. of this Order. If the Parties are unable to resolve an objection, the objecting Party may file an appropriate motion with the Court that complies with the Local Rules within fifteen days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order

 7. A Party shall designate documents, information, or material as "ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents,

information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

8. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information (including any information obtained via inspections - and underlying recordings thereof - of implicated facilities, laboratories, and/or places of manufacture), or material that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

9. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material, shall be used by the Parties only in the litigation of this Action (and/or any related proceedings before the United States Patent & Trademark Office, including *inter partes* proceedings, provided that the Protected Material is filed under seal in accordance with a protective order in any such proceeding) and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Order.

10. Absent the written consent of the producing Party, any person representing a Party, whether outside counsel or a consulting expert, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's ATTORNEYS' EYES ONLY material under this Order shall not prepare, prosecute, supervise, or otherwise assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit on behalf of

the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals thereof. For sake of clarity, any attorney representing a Party, provided that they do not participate or assist in any claim drafting or amendment of claims, may appear, actively participate, take discovery, attend/take depositions, prepare filings, supervise, and assist in any *inter partes* review proceedings at the USPTO, even if they have received the other Party's Protected Material.

11. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12. There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order except as set forth herein and except as required by other lawful process or Order. The Parties shall safeguard all such documents, information, and

material to protect against disclosure to any unauthorized persons or entities. Nothing in this Order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is:

(a) eligible to have access to the Protected Material by virtue of his or her employment with the designating party;

(b) identified in the Protected Material as an author, addressee, or copy recipient of such information;

(c) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material;

(d) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party;

(e) outside counsel for a Party;

(f) an independent contractor, consultant, or expert retained for the purpose of this litigation;

(g) court reporters, videographers, and (if necessary) translators/interpreters;

(h) the Court and its personnel; or

(i) other persons entitled hereunder to access to Protected Material.

14. Unless prior authorization is obtained from counsel representing the producing Party or ordered by the Court, Protected Material shall not be disclosed to any other persons except as set forth herein. Counsel for any producing Party shall have the right to exclude any person from depositions—other than the deponent, deponent's outside counsel, the court reporter, the videographer (if any), and

translator (if any)— who is not authorized by this Protective Order to receive or access Protected Material. This right of exclusion shall be applicable only during periods of examination or testimony regarding Protected Material.

15. Parties may, at a deposition or hearing or within 20 days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 20-day period, the entire deposition or hearing transcript shall be treated as Protected Material.

16. The parties have agreed that any party seeking to file Protected Material with the Court shall seek to do so under seal. The parties acknowledge that this Stipulated Protective Order does not entitle them to file Protected Material under seal; rather, Local Civil Rule 79-5 and the District Judge's Standing Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise

protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See <u>Pintos v. Pacific Creditors Ass'n.</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon this application to the Court, the burden shall be on the designating Party to show why its designation is proper. This application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert pursuant to Paragraph 4.c to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order; shall be informed that he or she is subject to the terms and conditions of this Order; and shall sign the attached acknowledgement that he or she has received a copy of, has read, and has agreed to be bound by this Order. Individuals under the remaining categories of Paragraph 4 need not sign Exhibit A.

20. If any discovery is taken of persons who are not Parties to this Action ("Third Parties") and if such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order and may designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the same manner as a Party.

21. If discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Except for materials in the Court record, within thirty days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials that have been admitted into evidence in this

Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.

23. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material.

Good cause appearing therefor, IT IS SO ORDERED.

DATED: June 04, 2019

_____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 8:18-cv-02201-JLS (JDEx)<br><br>EXHIBIT A TO PROTECTIVE ORDER<br><br>Honorable Josephine L. Staton |

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. My address is _____. My current employer is_____. My current occupation is _____.

2. I have received a copy of the Protective Order governing the Action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this law suit any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of this law suit, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to outside counsel for the party who originally designated such material.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____