GARY M. HNATH *(admitted pro hac vice)*
ghnath@mayerbrown.com
BRYAN NESE *(admitted pro hac vice)*
bnese@mayerbrown.com
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone:  (202) 263-3000
Facsimile:   (202) 263-3001

DOUGLAS A. SMITH (SBN 290598)
dougsmith@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave., 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendants Beijing Gingko Group Biological
Technology Co., Ltd.; Jiangsu Xixin Vitamin Co., Ltd.; Jinke
Group USA Inc. d/b/a Beijing Gingko Group North America;
Kyäni, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 8:18-cv-02201-FLA (JDEx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S EXCESSIVE STATEMENT OF "MATERIAL FACTS"**<br><br>**[L.R. 7-19]**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Beijing Gingko Group Biological Technology Co., Ltd.; Jiangsu Xixin Vitamin Co., Ltd.; Jinke Group USA Inc. d/b/a Beijing Gingko Group North America; and Kyäni, Inc. hereby apply to this Court *ex parte*, pursuant to Local Rule 7-19, for an order striking the Plaintiff's 447-entry Statement of Uncontroverted Facts (Dkt. 171-2), submitted with its motion for summary judgement (Dkt. 171-1), as violating L.R. 56-1, the Court's Initial Standing Order (Dkt. 140), and being excessive and overly burdensome. Defendants also apply to this Court for an order compelling Plaintiff to file a revised Statement of Uncontroverted Facts that are limited to a reasonable number of narrowly stated facts (such as 65) that are actually material to this dispute, that Plaintiff has a colorable basis for asserting are undisputed, and that otherwise comply with L.R. 56-1 and the Court's Initial Standing Order.

Pursuant to Local Rule 7-19.1, the undersigned counsel hereby certifies under oath that, on May 18, 2021, Defendants' counsel (Messrs. Nese, Buccigross, and Babcock) participated in an approximately 45-minute-long telephonic meet-and-confer with Plaintiff's counsel (Mr. Thornburg and Ms. Dangond). During that teleconference, the parties met in good faith and attempted to resolve the subject matter of this application, but could not come to a resolution. For example, Defendants requested that Plaintiff re-file its Statement of Uncontroverted Facts with a more-reasonable number of entries, but Plaintiff refused. Plaintiff's counsel indicated that Plaintiff would oppose the instant application.

Opposing counsel's contact information is as follows:

Robert H. Thornburg
Allen Dyer Doppelt + Gilchrist PA
1221 Brickell Ave. Suite 2400
Miami, FL 33131
rthornburg@allendyer.com

- 1 -

1     In   support   of   this   application,   Defendants   rely   on   the   following

2   Memorandum of Points and Authorities, the other pleadings on file with this Court

3   (as noted herein), and any further arguments and evidence as may be properly

4   presented to the Court.

5   Respectfully submitted,

6   Dated:  May 21, 2021                    **MAYER BROWN LLP**

7

8                                   By:    /s/ Gary M. Hnath
                                           Gary M. Hnath (admitted *pro hac vice*)
9                                          Bryan Nese (admitted *pro hac vice*)

10

11                                         *Attorneys for Defendants Beijing Gingko*
12                                         *Group Biological Technology Co., Ltd.;*
                                           *Jiangsu Xixin Vitamin Co., Ltd.; and Jinke*
13                                         *Group USA Inc. d/b/a Beijing Gingko Group*
14                                         *North America*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S STATEMENT OF FACTS**
CASE NO. 8:18-CV-02201-FLA (JDEX)

## MEMORANDUM OF POINTS AND AUTHORITIES

In its Motion for Summary Judgment of Infringement, Plaintiff American River Nutrition, LLC (ARN) filed a statement of "material facts" that includes 447 separate entries. Dkt. 171-2. Many of these entries do not contain the "narrowly focused" statements contemplated by this Court's Standing Order, *see* Dkt. 140 at 9, and many are completely immaterial to the issue raised in ARN's motion.

Because these facts are on their face excessive and few of them are actually "material" to the issue of whether the accused process of Defendant Beijing Gingko Group Biological Technology Co., Ltd. ("BGG") infringes claims 1 and 5 of the asserted patent, Defendants BGG; Jiangsu Xixin Vitamin Co., Ltd.; Jinke Group USA Inc. d/b/a Beijing Gingko Group North America; and Kyäni, Inc. hereby apply for *ex parte* relief in the form of striking these voluminous contentions, or at the least, compelling ARN to reduce these entries to a reasonable number for Defendants to respond to.

## I.    LEGAL STANDARDS

To obtain *ex parte* relief, the evidence must show that: (1) the moving party's case will be irreparably prejudiced if the underlying motion is heard through regular motion proceedings; and (2) the moving party is without fault in creating the crisis. *See Poulos v. City of Los Angeles*, No. 2:19-cv-00496-MWF-AFMx, 2020 WL 5210958, at *1 (C.D. Cal. June 10, 2020).

## II.    ARGUMENT

By forcing Defendants to respond to well over 400 facts, many of which have nothing to do with the merits of its motion, ARN has overburdened Defendants with busy work. ARN's statement of facts should be stricken, and at a minimum, ARN should be ordered to revise its statement in accordance with the procedures set forth in the Court's Standing Order. *See J.W. v. Fresno Unified Sch. Dist.*, No. CV F 07-1625 LJODLB, 2009 WL 415295, at *2 (E.D. Cal. Feb. 18, 2009) (granting motion to strike plaintiff's statement of facts for being "overly-

1  burdensome" and "designed to either obfuscate the facts, harass opposing counsel,
2  or both").

3  **A.** **Defendants' Will Be Prejudiced If Their Requested Relief Would**
4  **Be Heard Through Regular Motion Proceedings.**

5  This Court's Initial Standing Order requires Defendants to indicate whether
6  they do or do not dispute each fact in connection with a summary judgment
7  motion. Dkt. 140 at 9. If disputed, the Standing Order requires Defendants to
8  provide contrary evidence to dispute each fact. *Id.*

9  To carry out this procedure for 447 entries, many of which contain numerous
10  subparts in violation of Section 7.d.i of the Initial Standing Order, would be unduly
11  burdensome. For instance, if Defendants' took an average of just five minutes to
12  review each entry (which is a very conservative estimate), to consider the evidence
13  in the citation, to locate cites for any contrary evidence, and to respond
14  accordingly, it would take more than 37 hours—nearly an entire working week—
15  simply to address these voluminous allegations. Apart from the time taken away
16  from responding to the merits of ARN's actual brief, Defendants should not have
17  to bear the time and expense associated with engaging in this exercise.

18  Compounding the problems with ARN's statement, many of these
19  "uncontroverted facts" are multi-sentence amalgamations with many facts
20  masquerading as one. For example, entry 72 reads as follows:

21  The first time that Chairman Li was introduced to Dr. Barrie Tan was
22  at Jay Lee's home in Irvine, California. The discussions were over
      dinner, and they spoke in Chinese about "the products[.]" "It was not
23  for holding a [formal] meeting." The dinner meeting between Dr. Tan,
24  Chairman Li, and Jay Lee at Jay Lee's Irvine, California home would
      have been either in October 2006 or March 2007.
25

26  Dkt. 171-2 at 20.

27  This entry consists of five discrete facts: (1) "The first time that Chairman Li
28  was introduced to Dr. Barrie Tan was at Jay Lee's home in Irvine, California"; (2)

- 4 -

"The discussions were over dinner"; (3) "they spoke in Chinese about 'the products'"; (4) "'It was not for holding a [formal] meeting'"; attendees included "Dr. Tan, Chairman Li, and Jay Lee"; and (5) the meeting "would have been either in October 2006 or March 2007." *See id.* ARN's statement of facts is riddled with these multi-fact entries. *See, e.g.*, *id.* at 21 (entries 75 and 76, detailing numerous aspects of a supposed conversation between two individuals), 22 (entry 85), 23-24 (entry 86, naming a document and discussing several aspects of the document), 25-26 (entry 94, mentioning an aspect of an email, together with the address for one of the parties and a separate packing slip document, and how it describes an alleged shipment), 30-31 (entry 105, mentioning three documents and various aspects of them), 55 (entry 163), 65 (entry 216, detailing a conversation between two individuals).

This styling plainly violates the Court's Standing Order, which requires that "[e]ach paragraph should contain a narrowly focused statement of fact." *See* Dkt. 140 at 9.

Further, many of these statements are plainly immaterial; they have nothing to do with the issue raised ARN's motion. ARN seeks summary judgment of infringement of two claims of its asserted patent. Dkt. 171-1. Yet dozens of ARN's factual entries say nothing of the accused process or the asserted claims. *See, e.g.*, Dkt. 171-2 at 7 (entry 24, describing Dr. O'Keefe's opinions on which type of tocotrienol is best), 8 (entries 27-29, describing the parties' respective opinions of Dr. Tan), 13 (entries 44-55, describing aspects of the BGG entities, their principals and where they live, and what they did in their prior careers).

The facts presented in connection with a summary  judgment motion must be sufficiently specific to support the issue addressed. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material."). Here, the entries in ARN's statement of facts

- 5 -

1  should be tied somehow to the issue of whether the accused process meets the

2  elements of the asserted patent claims.

3        But ARN has simply thrown in any facts that tell its contrived "story"

4  regardless of whether they are material to, let alone even relate to, it its request for

5  summary judgment of infringement. Very few of these alleged facts are actually

6  relevant to the issue of whether the accused process infringes the asserted patent,

7  and forcing Defendants to respond to all 447 of them is unduly burdensome.

8        It strains credibility to argue that a 30-page brief requires more than 400

9  factual entries. Rather, ARN's true motivation, as evidenced by its insistence on

10  over-litigating this case, is plain: "to either obfuscate the facts, harass opposing

11  counsel, or both." *See J.W.*, 2009 WL 415295, at *2.

12        Defendants would be prejudiced if they sought relief through ordinary

13  motions practice. The local rules require weeks to conclude briefing for a motion

14  to strike, *see* L.R. 7-8; L.R. 7-9; L.R. 7-10, but Defendants' response to ARN's

15  statement of facts is due on June 4—just two weeks from now. *See* Dkt. 169 at 2.

16  Thus, ordinary motions practice would not afford Defendants relief in time.

17        **B.    Defendants Are Without Fault in Creating This Crisis.**

18        The situation Defendants find themselves in is not of their own making.

19  Rather, the excessive nature of ARN's 447 separate statements stems from its

20  insistence on over-litigating this case and its failure to focus the issues.

21        Consistent with its "optics" approach to attempting to smear Defendants in

22  its Statement of Uncontroverted Facts, ARN devotes the bulk of its summary

23  judgment brief to a "background" that has no bearing on whether Defendants'

24  accused process infringes the asserted patent. Dkt. 171-1 at 3-15. ARN's brief

25  rambles on, in stream-of-consciousness fashion, about 2007 dinners between the

26  parties' principals (*id.* at 5), documents exchanged in 2007 pursuant to an NDA

27  (*id.* at 5-6), orders for tocotrienol from certain customers (*id.* at 7), and the like.

28

But none of these allegations assist the Court in deciding whether Defendants' accused process satisfies each limitation of claims 1 and 5 of the asserted patent. It was ARN, not Defendants, who created the need for this work, and it is ARN who should be ordered to provide a proper statement of facts.

## III.    CONCLUSION

For the foregoing reasons, ARN's statement of facts (Dkt. 171-2) should be stricken, or alternatively, ARN should be ordered to revise its contentions to a reasonable number (such as 65) in accordance with the Court's Initial Standing Order and the Local Rules, and that Defendants be provided at least two weeks to respond to the revised contentions.

Respectfully submitted,

Dated: May 21, 2021                 **MAYER BROWN LLP**

By:     /s/ Gary M. Hnath
Gary M. Hnath (admitted *pro hac vice*)
ghnath@mayerbrown.com
Bryan Nese (admitted *pro hac vice*)
bnese@mayerbrown.com
Clark S. Bakewell (admitted *pro hac vice*)
cbakewell@mayerbrown.com
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone:  (202) 263-3000
Facsimile:   (202) 263-3001

Douglas A. Smith (SBN 290598)
dougsmith@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave., 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500

- 7 -

1  | Facsimile:   (213) 625-0248

2

3  | Graham M. Buccigross (SBN 234558)
   | gbuccigross@mayerbrown.com

4  | MAYER BROWN LLP

5  | Two Palo Alto Square, Suite 300
   | 3000 El Camino Real

6  | Palo Alto, CA  94306-2112

7  | Telephone:  (650) 331-2000

8  | Facsimile:   (650) 331-2060

9  | Ryan T. Babcock (admitted *pro hac vice*)

10 | rbabcock@mayerbrown.com

11 | MAYER BROWN LLP
   | 1221 Avenue of the Americas

12 | New York, New York 10020-1001

13 | Telephone:  (212) 506-2197

14 | Facsimile:   (212) 262-1910

15 | *Attorneys for Defendants Beijing Gingko*
   | *Group Biological Technology Co., Ltd.;*

16 | *Jiangsu Xixin Vitamin Co., Ltd.; and Jinke*

17 | *Group USA Inc. d/b/a Beijing Gingko Group*
   | *North America*

18

19

20

21

22

23

24

25

26

27

28

- 8 -