ALLEN DYER DOPPELT & GILCHRIST PA
Robert H. Thornburg (*admitted pro hac vice*)
E-mail: rthornburg@allendyer.com
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone: (305) 374-8303
Facsimile: (305) 374-8306

Ryan T. Santurri (*admitted pro hac vice*)
E-mail: rsanturri@allendyer.com
255 S. Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

Attorneys for Plaintiff
AMERICAN RIVER NUTRITION LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No: 8:18-cv-02201-FLA (JDEx)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS**<br><br>Hon.: Fernando L. Aenlle-Rocha |

Plaintiff American River Nutrition, LLC ("ARN") hereby responds in opposition to Defendants' May 21, 2021 filed *Ex Parte* Application to Strike ARN's Local Rule 56-1 Statement of Uncontroverted Facts.

## I. BACKGROUND AND OVERVIEW

On March 18, 2021, Defendants conferred with ARN requesting consolidation of both the underlying infringement action against Beijing Gingko Group Biological Technology Co. Ltd. ("BGG China") and Jinke Group USA, Inc. (BGG North America) (collectively "BGG") and the infringement action of Kyani, Inc ("Kyani"), BGG's customer. In conferring on this issue, ARN warned that this would increase the length of the upcoming motions for summary judgment as well as the underlying statement of uncontroverted facts. Moreover, at that time, ARN noted it would likely need to extend the page limitations as such. This was because both the underlying BGG action brought here in the Central District of California, as well as the prior related infringement action brought against Kyani in the District of Idaho, resulted in twenty-five (25) depositions, over 100 hours of testimony, and over 7,000 pages of associated transcripts. Defendants, as the parties who approached ARN on the subject of consolidation, appeared to understand this (at least at that time).

In late April, the Parties reached agreement as to a briefing schedule and deadlines regarding the respective summary judgment motions. ARN advised that it would move as to infringement of Claims 1 and 5 of the asserted '453 Patent. Likewise, Defendants advised they would not seek a motion for summary judgement as to patent invalidity and/or non-infringement but instead focus on seeking summary judgement of non-willfulness (as well as no induced) infringement. ARN proposed as part of the briefing schedule to afford three weeks between the initial Rule 56 motion, and responses, for affording time to address both the underlying arguments but also the associated Local Rule 56-1 statements of uncontroverted facts. Defendants agreed, and ARN filed a joint stipulation as to

briefing on May 6, 2021 (Dkt. 162) which was entered on May 14, 2021 (Dkt. 169).

On May 8, 2021, the Parties reached agreement that both sides would have the ability to file an initial motion for summary judgement that would exceed the page limitations (from 25 pages to 30 pages). During that conferral process, ARN again mentioned that their underlying need for the five extra pages, was to provide additional facts in support of summary judgement of patent infringement, which in turn would require additional statements of uncontroverted facts. The joint stipulation to exceed page limitations was filed on May 10, 2021 (Dkt. 167) and later entered by the Court (*see* Dkt. 180).

ARN filed its motion for summary judgment and Local Rule 56-1 Statement of Uncontroverted Facts on May 14, 2021. While ARN's statement provides 447 separate statements, these statements are provided to the Court to address (a) the underlying background and understanding of the patent-in-suit, (b) the prior relationship between ARN and Defendants (throughout the implicated 14 year period), (c) address head on the overwhelming factual record of willfulness during that time period (in anticipation of BGG's motion for summary) as part of the context of the dispute, as well as (d) provide detailed undisputed facts as to two separate infringements by BGG (both the infringement by selling to Amway, as well as the later infringement by BGG selling to Kyani of implicated annatto tocotrienols).

A summary of ARN's statement of uncontroverted facts can be summarized as follows (breaking down into eighteen general topics):

| Topic | Range of Statements of Uncontroverted Facts (SOF) | Subject Matter / Summary | Reasoning for Testimony |
|---|---|---|---|
| 1 | SOF 1-20 | Overview of U.S. Patent No. 6,350,453 (the '453 Patent). | Background Facts / Overview for Court |

2

| | | | |
|---|---|---|---|
| 2 | SOF 21-25 | Benefits of Annatto Tocotrienol – as made under the '453 Patent – and ARN's reputation as a global experts. | Background Facts / Overview for Court |
| 3 | SOF 28-92 | Overview of BGG China, BGG North America, and introduction to ARN. | Background Facts / Overview for Court |
| 4 | SOF 93-113 | BGG China's efforts to obtain samples of ARN's annatto tocotrienol, testing, and retrofitting of its plant to make annatto tocotrienol. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 5 | SOF 114-130 | BGG China's efforts to supplant ARN as Amway's source of annatto tocotrienols, and BGG China's sales of implicated annatto tocotrienols. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 6 | SOF 131-167 | BGG China and BGG North America's technical infringement regarding the methods used to make annatto tocotrienol for Amway, including certified statements to Amway as to the underlying manufacturing process. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 7 | SOF 170 - 187 | Underlying background facts regarding ARN's formulation of Kyani's implicated product that includes annatto tocotrienol – and ARN's scientific involvement with the Kyani Sunset product. | Background Facts / Overview for Court |
| 8 | SOF 188 - 197 | Kyani's notice and awareness of the '453 Patent, marketing of its product as based upon patented technology, and sales based upon ARN supplied annatto tocotrienol. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 9 | SOF 198 - 215 | Kyani's lack of a legal opinion regarding the '453 Patent, Kyani's inability to obtain a written legal | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement |

| | | | |
|---|---|---|---|
| | | opinion from BGG North America, and BGG China's inability to provide technical information to BGG North America to compare its process with the '453 patent. | as to non-willful infringement. |
| 10 | SOF 216-237 | BGG's shutting down of its Nankou Plant and Starting of production at Defendant Jiangsu Xixin Vitamin Co. | Background Facts / Overview for Court |
| 11 | SOF 238-241 | Kyani's understanding of BGG China's manufacturing process prior to September 2015. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 12 | SOF 242-282 | BGG North America's issuance of the September 2015 SIDI documents relating to BGG China's manufacturing process used to make Kyani's annatto tocotrienols – and Kyani's understanding that these SIDI disclosures were truthful. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 13 | SOF 283-312 | BGG North America's issuance of December 2018 SIDI documents used to make Kyani's annatto tocotrienols – and Kyani's understanding that these SIDI disclosures were truthful. | Infringement & to Address Defendants' Anticipated Motion for Summary Judgement as to non-willful infringement. |
| 14 | SOF 313-348 | BGG China's raw material used to make annatto tocotrienol for Amway meets the Court's claim construction as the element: "byproduct solution of *Bixa orellana* seed components" of Claim 1. | Infringement by BGG China and BGG North America regarding its sales of annatto tocotrienol to Amway. |
| 15 | SOF 349-373 | BGG's manufacturing process at the Nankou Factory to make annatto tocotrienol meets the Court's claim construction as to the element of | Infringement by BGG China and BGG North America regarding its sales of annatto tocotrienol to Amway. |

4

| | | | |
|---|---|---|---|
| | | "volatilizing a solvent" of Claim 1. | |
| 16 | SOF 374-387 | BGG China's raw material used to make annatto tocotrienol for Kyani meets the Court's claim construction as the element: "byproduct solution of *Bixa orellana* seed components" of Claim 1. | Infringement by Defendants regarding BGG North America's offers for sale and sales of annatto tocotrienol to Kyani (and Kyani's use of that annatto tocotrienol). |
| 17 | SOF 388-436 | BGG's manufacturing process at Defendant Jiangsu Xixin Vitamin Co. Ltd's Factory to make annatto tocotrienol meets the Court's claim construction as to the element of "volatilizing a solvent" of Claim 1. | Infringement by Defendants regarding BGG North America's offers for sale and sales of annatto tocotrienol to Kyani (and Kyani's use of that annatto tocotrienol). |
| 18 | SOF 437-447 | Overview of BGG China, BGG North America, Jiangsu Xixin Vitamin Co. Ltd and Kyani's infringement under 35 U.S.C. 271(g) | Infringement by Defendants regarding BGG North America's offers for sale and sales of annatto tocotrienol to Kyani (and Kyani's use of that annatto tocotrienol). |

All 447 statements of uncontroverted fact included citations to deposition testimony, including references to underlying deposition exhibits as well as bates numbers. Many included screen shots of the implicated email correspondence, flow charts, and/or related support. All 447 statements were cited within ARN's motion for summary judgement of patent infringement (*i.e.*, no statements were uncited or not relied upon). None of the ARN's statements are immaterial to the underlying background and understanding of the patent, the relationship of the parties, and/or the underlying nature and extent of infringement. Rather, all of the statements qualify as material facts and were proffered for purposes of establishing the overwhelming basis that Defendants infringe at least Claims 1 and 5 of the '453 Patent – through corroborating testimony of multiple witnesses associated with Defendants. Apart from ARN's reliance on its experts, none of the fact

5

witnesses cited in ARN's statement of uncontroverted facts were from ARN – but rather all were BGG China, BGG North America and Kyani personnel.

In conferring on Defendants' intent to seek to strike the foregoing eighteen topics, ARN noted via email on May 18, 2021 how:

> "each statement of fact was cited to within ARN's motion and likewise every paragraph is relied upon. A significant portion of these statements of fact (particularly 70 through 167 and 202 through 215) will certainly be cited in relation to our opposition to Defendants' theories and purported support that their infringement was somehow not willful."

Nonetheless, Defendants moved to strike ARN's Local Rule 56-1 Statement of Uncontroverted Fact – suggesting it would overburden Defendants and result in busy work. However, as shown by the foregoing summary, the eighteen topics (sets of statements) above address issues highly material to the issue of summary judgment, and ARN's overwhelming basis of infringement of the '453 Patent. Moreover, a reason for the expanded briefing schedule agreed to and entered by the Court was to allow sufficient time to address both sides' statements of uncontroverted fact and their underlying Federal Rule 56 motions.

This is not the first occasion that Defendants have sought to strike ARN's infringement evidence and related contentions. Specifically, on February 5, 2021, Defendants also endeavored to strike portions of ARN's expert's report Dr. David Rockstraw. Dkt. 124-127. Time and time again, Defendants have endeavored to seek procedural advantages and/or related tactics to preclude the Court and/or the trier of fact from reviewing the overwhelming evidence of infringement of the '453 Patent – through striking such testimony and evidence prior to the ability of the trier of fact to review and consider it.

ARN's statement of uncontroverted facts does not run afoul of the dictates of Local Rule 56-1 and this Court's related Standing Order (Dkt. 150, pg 9:11-14).

6

1 Moreover, ARN has provided its statement not only to demonstrate the
2 corroborated testimony supporting ARN's summary judgment motion, but also in
3 anticipation of Defendants' motion of summary judgement as to non-willfulness –
4 as those facts greatly overlap (and ARN intends to cite to its statement in its
5 response in opposition).

6 For these reasons, as well as the foregoing, Plaintiffs request that the *ex*
7 *parte* application be denied.

## II. LEGAL AUTHORITY

### A. *Ex Parte* Relief is Appropriate in Extremely Limited Circumstances

*Ex parte* applications are appropriate in "extremely limited" circumstances. *Hernandez-Rojas v. Pinnell,* 2017 U.S. Dist. LEXIS 216471, at * 4 (C.D. Calif. Jan 30, 2017) (denying *ex parte* application to stay proceedings regarding summary judgment while pending appeal). The moving party on an *ex parte* application "bears the burden of establishing the necessity for bypassing regular motion procedures." *Keneka Corp. v. Zhejiang Med Co.,* 2016 U.S. Dist. LEXIS 201182, at * 12 (C.D. Calif. Sept. 9, 2016). Arguing that a deadline is fast approaching is not enough. *LA Printex Indus. v. VF Corp.,* 2014 U.S. Dist. LEXIS 196160, at * 2-3 (C.D. Calif. Jan. 14, 2014). As noted by the Court in its Standing Order, *"[e]x parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications." Dkt. 140, pg 15:9-14 (citing *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488 (C.D. Cal. 1995).

To justify *ex parte* relief, the moving party must establish that the cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and that the moving part is without fault in creating the crisis that requires *ex parte* relief (or that the crisis occurred as a result of excusable neglect. As such, such applications are "nearly always improper[.]". *Phoenix Books Inc v. Mr. Bongo Worldwide Ltd.,* 2019 U.S. Dist. LEXIS 28598, at

* 5 (C.D. Calif. Dec. 17, 2019) (quoting *In re Intermagnetics Am. Inc.*, 101 B.R. 191, 192 (C.D. Calf. 1989). See also *ELT Sight, Inc. v. EyeLight, Inc.*, 2019 U.S. Dist. LEXIS 221040, at * 5 (C.D. Calif. Oc. 29, 2019).

### B. Local Rule 56-1 and this Court's Standing Order (Dkt. 140)

Local Rule 56-1 requires a party filing a motion for summary judgment to lodge a proposed statement of uncontroverted facts that "set[s] forth the material facts as to which the moving party contends there is no genuine dispute." *Allen v. City of Santa Monica*, 2013 U.S. Dist. LEXIS 178539, at * (C.D. Calif. Dec. 6, 2013) (denying motion to strike statement of uncontroverted facts). Upon reviewing such statements of uncontroverted fact, "a dispute fact is 'material' where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is 'genuine' where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Glassman v. Home Depot USA, Inc.,* 2018 U.S. Dist. LEXIS 122842, *8 (C.D. Calif. July 20, 2018) (quoting *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 248 (1968).

To constitute a material fact, such fact need only be relevant to an element of a claim or defense whose existence might affect the outcome of the trial. *Dooley v. City of Long Beach,* 2014 U.S. Dist. LEXIS 178700, at * 5 (C.D. Calif. Nov. 14, 2004) (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987)). An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Frederick v. Braden*, 2011 U.S. Dist. LEXIS 127494, at * 6 (C.D. Calif. Aug. 31, 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is 'immaterial' when such facts are not relied upon in support of the underlying summary judgement motion. *J.W. v. Fresno Unified Sch. Dist.,* 2009 U.S. Dist. LEXIS 16131, *6-7 (E.D. Calif. Feb 18, 2009). Materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson*, 477 U.S. at 248.

The "spirit of L.R. 56-1" requires that the moving party provide a statement of uncontroverted facts to allow the court to derive the factual and legal contentions in support of summary judgment. *New Form v. Cozumel Films,* 2006 U.S. Dist. LEXIS 109841, at * 34-35 (C.D. Calif Mar. 14, 2006) (denying motion to strike plaintiff's L.R. 56-1 statement, as "Plaintiffs have done an adequate job setting forth the factual basis for their claim, and the Court has been able to derive Plaintiffs' factual and legal contentions[.]"). Such statements must be more than general citations to exhibits and declarations but should provide specific facts. *See Uhuru v. Greenman*, 2009 U.S. Dist. LEXIS 134432, * 4 Fn 2 (C.D. Calif. Sept. 21, 2009).

Under this Court's February 24, 2021 Standing Order, the statement of uncontroverted facts "should contain a narrowly focused statement of fact" which "[e]ach numbered paragraph should address a single subject as concisely as possible." *See* Dkt. 150, pg 9:11-14. At least three other judges in this judicial district issue similar instructions. *See Ashraf v. Reliance Motors, LLC,* 2020 U.S. Dist. LEXIS 212165, at * 8-9 (C.D. Calif. Sept. 17, 2020 (addressing Judge Gee's instructions on statements of uncontroverted facts); *Contemporary Servs. Corp. v. Hartman*, 2008 U.S. Dist. LEXIS 71426, (C.D. Calif. Aug. 4, 2008) (addressing Judge Matz's instructions on statements of uncontroverted facts); *Univision Music LLC v. Banyan Entm't*, 2004 U.S. Dist. LEXIS 30941, at * 11 (C.D. Calif. Nov. 15, 2004) (addressing Judge Fischer's instructions on statements of uncontroverted facts). Judge Staton's order does not specifically require each uncontroverted fact be "narrowly focused" and/or to state each "subject as concisely as possible" – as her standing order merely requires each stated uncontroverted fact include supporting evidence and adequate citation. *See., e.g., Gonzalez v. Lilys Rest*., 2020 U.S. Dist. LEXIS 138845, at * 9-10 (C.D. Calif. Jan 28, 2020).

Neither Local Rule 56-1 nor this Court's standing order (or those of Judge Staton, Gee, Matz or Fischer) place any page limitation on the statement of

uncontroverted facts (or any restriction as to the number of uncontroverted facts presented in support of summary judgment). Likewise, they do not place restrictions on the length of a statement of uncontroverted fact, and/or the ability to place screen shots, bates numbers and/or similar aides to aide in the Court's review of the underlying evidence – so long as they are narrowly focused.

### C. Striking Facts from Statements of Uncontroverted Facts are Typically Denied.

"[A] motion to strike is a severe measure that is generally viewed with disfavor [and is] not normally granted unless prejudice would result to the movant from the denial of the motion." *Wailua Associates v. Aetna Cas. & Sur. Co.,* 183 F.R.D. 550, 555 (D. Haw. 1998) (denying motion to strike in Federal Rule 12(f) context).  Motions to strike statements of uncontroverted facts are typically denied. *See, e.g., Troy-CSL Lighting, Inc. v. GM Lighting LLC,* 2009 U.S. Dist. LEXIS 139683, at *2-3 (C.D. Calif. Sept. 10, 2009) (denying defendant's motion to strike statement of uncontroverted facts as "because there is an insufficient basis for this request").

While statements of uncontroverted facts in patent actions need be concise, motions to strike their undisputed facts are generally denied – when they offer supporting record citations and are "sufficiently clear." *Mobile Med Int'l. Corp v. Advanced Mobiel Hosp. Sys.,* 2015 U.S. Dist. 146577, at ***9-10** (D. Vt. Oct. 29, 2015) (denying motion to strike single statement of undisputed facts, as to multiple motions for summary judgment regarding patent infringement, as the single statement was sufficiently clear).  Arguments of relevance as to the underlying statements asserted in a statement of uncontroverted facts should not serve as a basis to strike such statements.  *Jac United States v. Precision Coated Prods.*, 2003 U.S. LEXIS 4782, at *56 (N.D. Ill. Mar. 24, 2003) (while an inventor's positions in a patent infringement action were "arguable" facts, the motion to strike on a theory that they were irrelevant was denied).  Due to the complexity of patent

1 infringement matters, statement of fact often include several hundred separate
2 statements of uncontroverted facts. See generally, *Spoilage Cutter Co. v. World*
3 *Kitchen LLC*, 2010 U.S. Dist. LEXIS 86561, at *7-8 (N.D. Ill. Aug. 19, 2010)
4 (denying motion to strike twelve statements of fact regarding patent obviousness,
5 within a set of statement of uncontroverted facts having at least 246 separate
6 statements). Courts also recognize that a patent holder's statement of
7 uncontroverted facts may include statements that are mere background regarding
8 the underlying patent – which a court should consider as such. *See, e.g., Arachnid*
9 *Inc. v. Valley Rec. Prods, Inc*., 2001 U.S. Dist. 21534, at *9-11(N.D. Ill. Dec. 27,
10 2001) (denying motion to strike on theory that several statements of material fact
11 were wholly immaterial, as Plaintiff's statement "was obviously drafted to respond
12 to all the pending motions to address all issues therein, and the court appreciates
13 any efforts at efficiency").

### III. ARGUMENTS IN SUPPORT OF DENYING DEFENDANTS' *EX PARTE* APPLICATION

Defendants argue that they will be prejudiced if their requested relief would be heard through regular motion proceedings. *See* Dkt. 185 at 4. In formulating this argument, Defendants make three assertions: (1) ARN submitted too many statements within their Local Rule 56-1 submission; (2) Plaintiff's multi-sentence facts violates the Court's Standing Order (Dkt. 140); and (3) Plaintiff's Statement of Facts contains immaterial facts.

As noted below, none of these bases, under the *ex parte* application standard, are sufficient to warrant striking ARN's statement of uncontroverted facts:

### A. Local Rule 56-1 and the Court's Standing Order Do Not Place a Limit on the Number of Entries and ARN's are Narrowly Tailored.

Defendants first contend the number of entries submitted with Plaintiff's Statement of Facts is too many and argue that having to indicate whether each fact is disputed would be unduly burdensome. However, Defendants fail to recognize

11

1 that the Local Rules, the Court's Standing Order (as well as those of other judges
2 in this judicial district) place no limits on the number of entries or number of pages
3 for a Statement of Uncontroverted Facts.

4 The *sole* case cited by Defendants in the entirety of their motion – *J.W. v.*
5 *Fresno Unified Sch. District* – did not address a patent case (but rather addressed
6 an administrative appeal). In *J.W.,* the Plaintiff asserted 1,650 statements in its
7 Rule 56-1 statement of uncontroverted facts, where over 1,000 were not cited in
8 the underlying motion for summary judgment. 2009 U.S. Dist. LEXIS 16131, at *
9 4-5. Unlike in *J.W.*, all of the facts submitted in ARN's Rule 56-1 statement were
10 cited and relied upon in the underlying motion for summary judgment. Moreover,
11 many of the facts within ARN's Rule 56-1 statement were provided for the
12 additional purposes of citation in response in opposition to Defendants' motion for
13 summary judgement of non-willfulness. *See Arachnid Inc.,* 2001 U.S. Dist. 21534,
14 at *9-11. As such, the underlying basis for striking in *J.W.* is not remotely present
15 here. Rather, statements of facts in patent actions often included several hundred
16 statements – which fail to warrant striking then based upon their number. *See*
17 *generally, Spoilage Cutter*, 2010 U.S. Dist. LEXIS 86561, at *7-8.

18 Defendants fail to cite that a specific number or volume of statements
19 warrants striking them – especially under the heightened *ex parte* application
20 standard. Indeed, there is no such authority. *See, e.g., Troy-CSL Lighting,* 2009
21 U.S. Dist. LEXIS 139683, at *2-3

22 **B. ARN's use of Multi-sentence Statements of Uncontroverted Facts**
23 **Also Does Not Run Afoul of Local Rule 56-1 or the Standing Order**

24 Defendants next argue that some of ARN's facts are "multi-sentence
25 amalgamations with many facts masquerading as one." Dkt. 185 at 4. However,
26 this is a non-issue. As mentioned above, Local Rule 56-1, the Court's Standing
27 Order, as well as related authority fails to limit the number of sentences – it instead
28

12

1 addresses how the statement as a whole should be "narrowly focused" and
2 provided "as concisely as possible." D.E. 140 at 9. ARN did just that.
3       ARN satisfied the "spirit of L.R. 56-1" by providing statements sufficient for
4 the court to understand the underlying factual contention in support of summary
5 judgment. *See New Form,* 2006 U.S. Dist. LEXIS 109841, at * 34-35. Moreover,
6 while some include multiple sentences, all are narrowly focused – and prepared to
7 proffer detail for the Court's consideration.
8       It is telling that Defendants' *ex parte* application cites to nine of ARN's
9 statements as being multi-sentences (namely, Nos. 72, 75, 76, 85, 86, 94, 105, 163,
10 and 216). Defendants could only point to 2% of ARN's statements as being multi-
11 sentenced in light of the Court's requirement to be narrowly focused.
12       As to the one that Defendants breaks down – Statement of Fact 72 – it makes
13 qualms with a three-sentence statement, based upon the following longwinded
14 testimony by Chairman Chunhua Li:
15     Q: When were you first introduced to dr. Barrie Tan?
16     A: I do not recall the specific time, however, the first time [ ] it was in
17         Jay's home that I met Barrie Tan.
18                           ****
19     Q: What year approximately was that?
20     A: Should be after Jay joined the company and before he left. So its
21         – should be between year '06 or '07. I cannot recall clearly.
22     Q. Did [Chris] Holland attend that meeting in Dr. Jay Lee's Home?
23     A: I do not recall because it was only talked about, the product of
24         ours, but we were not in the meeting. It was during a dinner. I
25         went to Jay's home for dinner, and Barrie Tan was there too;
26         however, I do not remember whether Chris Holland was there.
27         [T]he reason I had an impression for Barrie Tan, because he could
28

13

        speak Chinese and therefore we could communicate with each other without the interpreter. That is what I remember.

Citing Chunhua Li Depo. Day 1, 82:3-10; 82:24-83:18. As shown, the statement of fact succinctly summarizes the forgoing – and provides a short statement that is narrowly focused as to Chairman Li's testimony.

      All but two of the nine statements identified by Defendants (specifically, SOF 72, 74-76 and 85-86, 84, and 163) relate to the testimony of BGG China's Chairman Chunhua Li (BGG China's majority owner) – which was translated between Mandarin to English. Often, as shown by the foregoing, Chairman Li's testimony was longwinded and meandering, making it difficult to accurately capture such testimony in a narrowly focused statement of fact – but ARN nonetheless endeavored to do so. Certainly, in light of the translation issues and run-on testimony, ARN provided a sufficiently clear and concise set of facts – that does not warrant striking them. *See Mobile Med Int'l.,* 2015 U.S. Dist. 146577, at *9-10. Certainly, Defendants were unable to provide any authority otherwise.

### C. ARN's Statement of Material Facts Are Not Immaterial and Instead Proffer Material Facts.

      Defendants' last argument is that sixteen (16) (specifically SOF 24, 27-29 and 44-55) of ARN's statements of fact are purportedly immaterial to ARN's motion and are "thrown in" to tell a "contrived story[.]" Dkt. 185 at 5-6. These assertions are simply untrue. All of the facts ARN includes in its Statement of Uncontroverted Facts are relevant to an understanding of this case as a whole. Moreover, as Defendants know, many of the facts were relevant not only for context in ARN's motion, but also for ARN's opposition to Defendants' summary judgment motion. Prior to filing, ARN knew the issues Defendants would address in summary judgment and prepared its own statement of facts to assist the Court in understanding not only the background of the dispute, but to understand the dispute and the issue of willful infringement. ARN's statements of fact are directly related

to the issue of infringement of claims 1 and 5 of the patent-in-suit or to the issue of willful infringement. Indeed, ARN anticipates relying heavily on its statement of undisputed facts to address the contentions presented by Defendants. Defendants are creating a lot of noise over nothing, since many of these statements are relevant to the briefings currently before the Court.

Each of these sixteen implicated statements proffer facts that may affect the outcome of the trial – and are therefore material. *Dooley,* 2014 U.S. Dist. LEXIS 178700, at * 5.  For example, SOF 24-27, as cited by Defendants, address Defendants own admissions as to how ARN is a global leader in annatto tocotrienols, and ARN's founder Dr. Barrie Tan is one of the most respected experts in that field.  This is clearly designed to provide underlying background for the benefit of the court.  *See Arachnid Inc*., 2001 U.S. Dist. 21534, at *9-11. Moreover, SOF 44-45, likewise provides similar background for the benefit of the Court as to the interplay between BGG China and BGG North America, as well as their ownership structure (and BGG China's control over its subsidiary BGG North America. *See id.* Under *J.W.* – which Defendants themselves cite – such information is not immaterial as such facts may be relied upon in support of summary judgment. See 2009 U.S. Dist. LEXIS 16131, *6-7.

Finally, ARN does not need to tell a "contrived story" – ARN's facts are taken from the testimony of Defendants. Defendants' counsel knows that they cannot argue against these facts – this is why they continually attempt to hide these facts through their motions to strike. Defendants' state: "ARN's true motivation, as evidenced by its insistence on over-litigating this case, is plain: 'to either obfuscate the facts, harass opposing counsel, or both.'" Dkt. 185 at 6. Plaintiff did not include numerous entries in their Statement of Uncontroverted Facts to obfuscate the facts nor to harass opposing counsel. As stated above, ARN believes that these facts are essential to understand the nuances of this case. If anyone has "over-litigated" this case, it is Defendants through their motions to strike every time

ARN asserts facts that Defendants dislike. Defendants describe the summary judgment briefing as a "crisis" – there is no crisis, only a wealth of facts Defendants would rather the Court not consider than be forced to concede it cannot dispute them. This is not a basis for such a drastic measure as striking Plaintiff's statements of uncontroverted facts – and there is indeed no authority warranting any such drastic relief designed only to prevent the Court's review of the overwhelming factual basis of infringement of Claims 1 and 5 of the '453 Patent.

## IV.  CONCLUSION

ARN requests this Court deny Defendants' *Ex Parte* Application.

DATED: May 24, 2021

        ALLEN DYER DOPPELT + GILCHRIST PA

        By: _/s/_Robert H. Thornburg
        Robert H. Thornburg (*admitted pro hac vice*)
        E-mail: rthornburg@allendyer.com
        1221 Brickell Ave., Suite 2400
        Miami, Florida 33131
        Telephone: (305) 374-8303
        Facsimile:   (305) 374-8306

        Attorneys for Plaintiff
        AMERICAN RIVER NUTRITION LLC