**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD., et al.,<br>　　　　　　　Defendants. | Case No. 8:18-cv-02201-FLA (JDEx)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXCESSIVE STATEMENT OF "MATERIAL FACTS" [DKT. 185]**<br><br>Hon. Fernando L. Aenlle-Rocha |

Plaintiff American River Nutrition, LLC's ("ARN" or "Plaintiff") filed a 133-page Statement of Uncontroverted Facts and Conclusions of Law ("PSUF") containing 447 individual statements in support of its Partial Motion for Summary Judgment. Dkt. 172-2. Defendants Beijing Gingko Group Biological Technology Co., Ltd.; Jiangsu Xixin Vitamin Co., Ltd.; Jinke Group USA Inc. d/b/a Beijing Gingko Group North America; and Kyäni, Inc.'s (collectively "Defendants") bring the subject Ex Parte Application (the "Application") to strike Plaintiff's separate statement. Defendants contend the PSUF is overburdensome and forces them to respond to well over 400 facts, many of which are unrelated to the merits of Plaintiff's motion. Dkt. 185 at 3.

Plaintiff responds "these statements are provided to the Court to address (a) the underlying background and understanding of the patent-in-suit, (b) the prior relationship between ARN and Defendants (throughout the implicated 14 year period), (c) address head on the overwhelming factual record of willfulness during that time period (in anticipation of BGG's motion for summary [judgment]) as part of the context of the dispute, as well as (d) provide detailed undisputed facts as to two separate infringements by BGG …." Dkt. 186 at 2.

After considering the parties' arguments and reviewing the relevant papers, the court agrees with Defendants that the PSUF is overly burdensome and excessive. A party's separate statement should be limited to the facts that are relevant and necessary for the determination of the summary judgment motion. *See* Local Rule 56-1 ("Such proposed statement shall set forth the <u>material facts</u> as to which the moving party contends there is no genuine dispute," underline added). It is improper to submit, in a separate statement, a large number of immaterial background facts or facts in anticipation of the opposing party's separate, unrelated motion for summary judgment. *See J.W. v. Fresno Unified School Dist.*, 2009 WL 415295, at *2 ("'A "material" fact is one that is relevant to an element of a claim

or defense and whose existence might affect the outcome of the trial.'") (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)).

Plaintiff argues that all 447 statements are proper because they are cited within Plaintiff's supporting memorandum and are relevant "to the underlying background and understanding of the patent, the relationship of the parties, and/or the underlying nature and extent of infringement." Dkt. 186 at 5-6. The court disagrees. The fact that Plaintiff's supporting memorandum cites all of the statements is not sufficient to establish these stated facts are directly relevant or material to the subject of Plaintiff's motion: whether Defendants infringe the patent-in-suit. Many, if not most, of the background facts regarding the technology and the parties' relationships are not.[1]  *See J.W. Fresno*, 2009 WL 415295, at *2.

Accordingly, the court GRANTS Defendants' Ex Parte Application and STRIKES Plaintiff's Statement of Uncontroverted Facts. Dkt. 174-3. Plaintiff may file a revised Statement of Uncontroverted Facts by May 28, 2021, limited to the relevant facts necessary for the determination of Plaintiffs' Partial Motion for Summary Judgment (Dkt. 172).

IT IS SO ORDERED.

DATED: May 25, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] The court notes that most of the factual statements in the Factual Background section of the supporting memorandum do not appear in the PSUF, but are factual conclusions that are based on the cited statements from the PSUF. *See* Dkt. 183-1 at 3-15.