UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC, | Case No. 8:18-cv-02201-FLA (JDEx) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PORTIONS OF ROCKSTRAW EXPERT REPORT [DKT. 112]** |
| v. | |
| BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD, et al. | |
| Defendants. | |

1

## I.   RULING

On January 19, 2021, Defendants Beijing Gingko Group Biological Technology Co., Ltd. ("BGG China"), Jiangsu Xixin Vitamin Co., Ltd. ("BGG America"), and Jinke Group USA Inc. ("JXVC") (collectively, "Beijing Gingko" or "Defendants") filed their Motion to Strike Portions of the Rockstraw Expert Report ("Motion to Strike").  Dkt. 112.[1]  For the reasons stated herein, the court GRANTS Defendants' Motion to Strike in its entirety.

## II.   BACKGROUND

This action arises in connection with Defendants' alleged infringement of United States Patent No. 6,350,453 B1 (the "Patent-in-Suit" or "'453 Patent"), entitled "Tocotrienols and Geranylgeraniol from *Bixa Orellana* Byproducts," which was issued by the United States Patent & Trademark Office ("USPTO") on February 26, 2002.  Dkt. 42-1.   The USPTO's records show the '453 Patent was assigned from the original Assignee, American River Nutrition, Inc., to Plaintiff American River Nutrition, LLC ("ARN" or "Plaintiff") on July 11, 2018 and that ARN recorded the assignment with the USPTO on September 14, 2018.

Plaintiff filed the Complaint on December 12, 2018 and the operative First Amended Complaint ("FAC") on March 4, 2019.  Dkts. 1, 42.  In the FAC, Plaintiff asserts two causes of action for: (1) infringement of the Patent-in-Suit under 35 U.S.C. § 271(g) ("§ 271(g)") against all Defendants; and (2) infringement of the Patent-in-

---

[1] Defendant Kyäni, Inc. ("Kyäni") filed a Motion to Strike (Dkt. 42) in *American River Nutrition, LLC v. Kyäni, Inc.*, Case No. 2:21-cv-02614-FLA (JDEx) (the *Kyäni* action), before that action was consolidated with the subject action.  As the *Kyäni* action was originally filed in the District of Idaho, this court does not have access to the documents that were filed under seal in that case.  The court, therefore, ORDERS the parties to file the documents which Judge William G. Young ordered filed under seal there (Dkts. 43, 48), under seal in this action, Case No. 8:18-cv-02201-FLA (JDEx), within 14 days of this order.  For purposes of the subject Motion to Strike, Defendant Kyäni is not included within the scope of the term "Defendants."

Suit under 35 U.S.C. § 271(b) ("§ 271(b)") against Defendant JXVC.  Dkt. 42. (FAC) ¶¶ 30-55.  The FAC alleges Defendants use, manufacture, prepare, blend, offer to sell, import from China, and sell within the United States a tocotrienol composition formed by practicing Claims 1, 6, 7, and 10 of the Patent-in-Suit.  *Id.* ¶¶ 24-27, 31-33, 35, 44-46, 48.  The action was transferred to this court on December 30, 2020.  Dkt. 109.

On May 1, 2019, Judge Staton issued the Scheduling Order in this action, setting pretrial and trial deadlines, including:

1)  Disclosures of Asserted Claims and Infringement Contentions, and Document Production Accompanying Disclosures: May 17, 2019;

2)  Last Day to File a Motion to Add Parties and Amend Pleadings: July 2, 2019;

3)  Invalidity Contentions and Accompanying Document Production: July 9, 2019;

4)  Exchange of Proposed Terms for Claim Construction: July 19, 2019;

5)  Exchange of Proposed Claim Constructions and Extrinsic Evidence: August 2, 2019;

6)  Damages Contentions and Accompanying Document Production: August 23, 2019;

7)  Completion of Claim Construction Discovery: August 30, 2019;

8)  Responsive Damages Contentions: September 23, 2019;

9)  Claim Construction Hearing: October 22, 2019; and

10) Fact Discovery Cut-off: June 12, 2020.

Dkt. 58.  On June 3, 2020, Judge Staton continued the fact discovery cut-off date to September 14, 2020, on motion by Plaintiff.  Dkt. 96.

On May 17, 2019, Plaintiff served its Initial Infringement Contentions ("Infringement Contentions"), accusing Defendants of infringing Claims 1, 5, 7, and 10 of the '453 Patent.  Dkt. 112-4 (Nese Decl. Ex. B).  On or around December 21, 2020, Plaintiff served the expert report of its expert, Dr. David A. Rockstraw ("Dr. Rockstraw").  Dkt. 119-1 (redacted); Dkt. 124 (unredacted) (the "Rockstraw Expert Report").  In the Rockstraw Expert Report, Dr. Rockstraw provides opinions

3

regarding Defendants' alleged infringement of Claims 1, 5, 6, 7, and 10 of the '453
Patent in violation of § 271(b) and (g).  Dkt. 119-1 at 5-6.

Defendants filed the Motion to Strike on January 19, 2021, requesting the court
strike portions of the Rockstraw Expert Report on the grounds that it adds new claims,
asserts new infringement theories, and accuses new products, processes, or
instrumentalities that were not disclosed in Plaintiff's infringement contentions.  Dkt.
112 ("Mot."); Dkt. 112-1 ("Mot. Br.") at 6.[2]  Plaintiff filed its opposition on February
5, 2021.  Dkt. 127 ("Opp.").  Defendants filed their reply on February 12, 2021.  Dkt.
129 ("Reply").

On April 23, 2021, the court found the Motion to Strike appropriate for
resolution without oral argument and vacated the hearing set for April 30, 2021.  Dkt.
157; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## A.    Legal Standard

Judge Staton's February 27, 2019 Order Setting Scheduling Conference states
the court intends generally to follow the Northern District of California Patent Local
Rules ("Patent Local Rules"),[3] with a modification to the presumptive schedule
established under those rules.  Dkt. 41 at 5-6.  Patent Local Rule 3-1 (Disclosure of
Asserted Claims and Infringement Contentions) provides:

> Not later than 14 days after the Initial Case Management Conference, a
> party claiming patent infringement shall serve on all parties a
> "Disclosure of Asserted Claims and Infringement Contentions."
> Separately for each opposing party, the "Disclosure of Asserted Claims
> and Infringement Contentions" shall contain the following information:
>
> (a) Each claim of each patent in suit that is allegedly infringed by each
> opposing party, including for each claim the applicable statutory
> subsections of 35 U.S.C. §271 asserted;

---

[2] The court will cite all documents by the page numbers added by the court's CM/ECF
system rather than the page numbers listed within the documents themselves.

[3] The Northern District of California Patent Local Rules are available online at:
https://cand.uscourts.gov/rules/patent-local-rules/.

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(h) Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

/ / /

5

"'The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims.'" *Bender v. Maxim Integrated Prods., Inc.*, Case No. 3:09-cv-01152-SI, 2010 U.S. Dist. LEXIS 32115, at *2 (N.D. Cal. Mar. 22, 2010) (quoting *Intertrust Techs. Corp. v. Microsoft Corp.*, Case No. 4:01-cv-01640-SBA, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003)). Patent Local Rule 3-1 "is a discovery device that 'takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Id.* (quoting *Network Caching Technology LLC v. Novell, Inc.*, Case No. 3:01-02079-VRW, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal. Aug.13, 2002)). For infringement contentions to satisfy Patent Local Rule 3-1, the issuing party must compare the accused products to its patents on a claim by claim, element by element basis. *Id.*; Patent Local Rule 3-1.

The Patent Local Rules are "designed to require parties to crystalize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). "The ability of parties to amend [infringement] contentions is restricted. Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for 'good cause'…." *Id.* at 1359-60; Patent Local Rule 3-6 ("Amendment of the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause.") Courts "have understood the good cause requirement in the local patent rules to require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *Id.* at 1363. "The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." Patent Local Rule 3-6.

///

Both the Ninth Circuit and Federal Circuit have held that "the exclusion of evidence is often an appropriate sanction for a party's failure to comply with the patent local rules." *Phigenix, Inc. v. Genentech, Inc.*, 783 Fed. App'x 1014, 1020 (Fed. Cir. 2019) (citing *O2 Micro*, 467 F.3d at 1369, and *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)).  Where a party fails to act diligently in moving to amend its infringement contentions, courts need not consider the question of prejudice.  *Id.* (citing *O2 Micro*, 467 F.3d at 1368).

**B.    Analysis**

Defendants move to strike the following portions of the Rockstraw Expert Report on the grounds that they assert new claims and infringement theories and accuse new products, processes, or instrumentalities that were not disclosed in Plaintiff's Infringement Contentions:

1. Infringement of Claim 6 of the Patent-in-Suit (Dkt. 124 ¶¶ 6-7, 43 (third bullet), 127-28, 174, 178);

2. Infringement based on inducement under § 271(b) (Dkt. 124 ¶¶ 7, 9-10, 58, 72-73, 84-86, 175-81); and

3. Infringement based on documents produced in discovery:

   a. the "September 20, 2013 Form 1294" flowchart, BGG0018635 (Dkt. 124 ¶¶ 70-72, 76-79);

   b. the "February 2015 Form 1294" flowchart, BGG0010166 (Dkt. 124 ¶¶ 80-83);

   c. the "September 2015 SIDI" flowchart, BGG0009528 (Dkt. 124 ¶¶ 87-105); and

   d. the "April 2014 Manufacturing Process" document, BGG0000009 (Dkt. 124 ¶¶ 106-65).

Dkt. 112-1 (Mot. Br.) at 6-7.

Plaintiff contends these portions of the Rockstraw Expert Report are proper because ARN provided Defendants with sufficient notice of its infringement theory at the outset of this case.  Dkt. 127 at 5.  The court will address the parties' arguments with respect to each of the three challenged theories in turn.

7

### 1.      Infringement of Claim 6 of the Patent-in-Suit

Defendants request the court strike Dr. Rockstraw's opinions regarding Claim 6 of the '453 Patent, on the grounds that Plaintiff's Infringement Contentions failed to identify or provide information regarding this claim, as required by Patent Local Rule 3-1. Dkt. 112-1 (Mot. Br.) at 16-17.  The FAC alleges Defendants violated Claims 1, 6, 7, and 10 of the '453 Patent.  Dkt. 42 (FAC) ¶¶ 23-27, 35, 45.  Plaintiff's Infringement Contentions, however, only include information regarding Claims 1, 5, 7, and 10, and do not discuss or provide any information regarding infringement of Claim 6.  Dkt. 112-4 (Infringement Contentions) at 3; *see generally id.*

Plaintiff responds that these opinions should not be stricken because ARN asserted Claim 6 in the Complaint and FAC.  Dkt. 127 (Opp.) at 18.  According to Plaintiff, "Defendants were aware that infringement of Claim 6 is interwoven into any theory of infringement addressing Claim 1 of the '453 Patent ("Claim 1") in light of the Court's claim construction of the term 'a byproduct solution of *Bixa Orellana* seed components.'"  *Id.*  Plaintiff further contends Defendants should have also known of ARN's infringement theories as to Claim 6 because Claim 7 of the '453 Patent is a dependent claim of Claim 6, per a certificate of correction ARN filed with the USPTO, which was accepted on October 10, 2017.  *Id.* at 15.  Thus, Plaintiff concludes Claim 6 is not a "new patent claim" and that Dr. Rockstraw's testimony regarding this claim should not be stricken.  *Id.*  The court disagrees.

Patent Local Rule 3-1 requires a party claiming patent infringement to provide, in its infringement contentions, information including: "(a) Each claim of each patent in suit that is allegedly infringed by each opposing party …; (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  …; [and] (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the

1    identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that

2    performs the claimed function."

3            Plaintiff's Infringement Contentions do not identify where and how the accused

4    process performs the limitation: "6. The method of claim 1, therein the byproduct

5    solution of *Bixa orellana* seed components includes a geranylgeraniol component."

6    *Compare* Dkt. 112-4 (Infringement Contentions) *with* Dkt. 42-1 ('453 Patent) at 8:47-

7    49.  Plaintiff did not provide this information in its initial Infringement Contentions

8    and did not subsequently supplement or seek leave to amend its Infringement

9    Contentions.  Dkt. 127 (Opp.) at 14-15 (stating Plaintiff opted against amending its

10   Infringement Contentions).  Accordingly, the court agrees with Defendants that

11   Rockstraw's expert opinions regarding infringement of Claim 6 should be excluded.

12   *See Phigeni*, 783 Fed. App'x at 1020.

13           As the Federal Circuit explained, it is difficult to allow the parties to discover

14   their opponent's theories of liability through traditional discovery, and "[t]he local

15   patent rules in the Northern District of California are designed to address this problem

16   by requiring both the plaintiff and the defendant in patent cases to provide early notice

17   of their infringement and invalidity contentions, and to proceed with diligence in

18   amending those contentions when new information comes to light in the course of

19   discovery."  *O2 Micro*, 467 F.3d at 1365-66.

20           Thus, it is not sufficient that the FAC may have placed Defendants on notice

21   that Plaintiff intended to assert infringement of Claim 6, or that Defendants might

22   have been able to guess Plaintiff's infringement theory based on the court's claim

23   constructions and Plaintiff's contentions regarding other claims.[4]  Under the Patent

24   _____

25   [4] While Plaintiff's Infringement Contentions stated "Geranylgeraniol has also been
26   discovered to exist in the seeds of *Bixa orellana*" in connection with Plaintiff's
27   infringement theory for Claim 7 of the '453 Patent, the Infringement Contentions
     appear to have been drafted assuming Claim 7 was dependent on Claim 1.  *See* Dkt.
28

1  Local Rules, ARN had an affirmative duty to disclose its infringement theory

2  regarding Claim 6 and to include in its Infringement Contentions the detail required

3  by Patent Local Rule 3-1.  Plaintiff, however, failed to disclose its infringement theory

4  for Claim 6 prior to serving Defendants with the Rockstraw Expert Report—after

5  claim construction and over three months after the close of fact discovery.

6  　　　Similarly, the fact that Defendants' technical expert, Dr. Sean O'Keefe ("Dr.

7  O'Keefe"), discussed Claim 6 in his expert report is also irrelevant, because

8  Plaintiff—not Defendants—bears the burden of disclosure under Patent Local Rule 3-

9  1.  As Plaintiff itself acknowledges, "[e]xpert reports may not introduce new theories

10  of infringement not previously set forth in a party's infringement contentions."  Dkt.

11  127 (Opp.) at 17 (quoting *Ilife Techs., Inc. v Nintendo of Am., Inc.*, Case No. 3:13-cv-

12  04987-M, 2017 U.S. Dist. LEXIS 87769, at *62-63 (N.D. Tex. May 30, 2017)).[5]

13  　　　The court, therefore, GRANTS Defendants' Motion to Strike as to these

14  opinions and EXCLUDES Dr. Rockstraw's opinions regarding Claim 6 of the '453

15  Patent.  *See Phigenix*, 783 Fed. App'x at 1018, 2020 (affirming exclusion of evidence

16

17  ――――――――――

18  112-4 at 9-10 (identifying Claim 7 as "[t]he method of claim 1, further including…").

19  This disclosure was not sufficient to place Defendants on notice that Plaintiff intended
   to continue asserting infringement of Claim 6 of the Patent-in-Suit or to satisfy the

20  requirements of Patent Local Rule 3-1.

21  [5] *Ilife*, 2017 U.S. Dist. LEXIS 87769, at *49, recognized that "merely because a party
   was on notice of a potential theory of infringement does not show that the party would

22  not be unfairly prejudiced by untimely infringement contentions" and amendments
   thereto.  *See also id.* at *49-50 (declining leave to amend invalidity contentions,

23  finding the proposed new theories "will undoubtedly require entirely new responses

24  and counter arguments from [the opposing party], and asserting them so late in this
   litigation is highly prejudicial").  Although *Ilife* involved consideration of the

25  Northern District of Texas Local Patent Rules rather than the Northern District of

26  California Patent Local Rules at issue here, *id.* at *22, as Plaintiff cited this case in its
   opposition and as *Ilife* repeatedly cited and relied on *O2 Micro*, 467 F.3d at 1369

27  (discussing the N.D. Cal. Patent Local Rules), the court finds differences between the

28  two sets of Patent Local Rules are immaterial for purposes of the subject Motion.

1    and holding broader theory disclosed in infringement contentions was not sufficiently

2    specific to disclose a narrowed theory); *see also O2 Micro*, 467 F.3d at 1369

3    (excluding evidence for party's failure to comply with patent local rules).

4         This ruling is limited to Plaintiff's use of Dr. Rockstraw's opinions to assert

5    infringement of Claim 6 of the '453 Patent by Defendants Beijing Gingko.  As the

6    Infringement Contentions identified the presence of geranylgeraniol within the

7    tocotrienol composition in its discussion of Claim 7, Dkt. 112-4 at 9, Dr. Rockstraw

8    may testify and present evidence regarding the presence of geranylgeraniol in the

9    "byproduct solution of *Bixa Orellana* seed components" for purposes of establishing

10   infringement of Claims 7 and 10 of the '453 Patent.

11              **2.       Induced Infringement Under 35 U.S.C. § 271(b)**

12        The second cause of action alleges Defendant JXVC indirectly infringed

13   the '453 Patent in violation of § 271(b).[6]  Dkt. 42 (FAC) ¶¶ 43-55.  Plaintiff's

14   Infringement Contentions, however, only allege infringement under § 271(g) and do

15   not contain discussion or information regarding § 271(b).  Dkt. 112-4 (Infringement

16   Contentions) at 3.  Defendants assert they informed Plaintiff on the same day they

17   received Plaintiff's Infringement Contentions that the contentions "do not allege

18   indirect infringement under 35 U.S.C. [§] 271(b), nor do the contentions identify a

19   direct infringer or description of the acts, as required by Patent L.R. 3-1(d)."  Dkt.

20   112-1 (Mot. Br.) 8-9 (citing Dkt. 112-6 (Nese Decl. Ex. D)).

21        Plaintiff argues Dr. Rockstraw's opinions concerning induced infringement

22   should not be stricken because "Defendants were well aware of ARN's theory of

23   induced infringement which was first set forth in ARN's original complaint and later

24   in its Amended Complaint."  Dkt. 127 (Opp.) at 19.  Plaintiff further argues that, to

25   the extent its theory of indirect infringement was inadvertently omitted from ARN's

26

27   _____

28   [6] Two types of indirect infringement exist: induced and contributory.  35 U.S.C. §
     271(b), (c).  Plaintiff's indirect infringement claim is for induced infringement only.

Infringement Contentions, "ARN upon receiving Defendants' inquiry on May 23,
2020, promptly clarified that '[a]s set forth in the complaint, all defendants are
accused of infringement under 35 U.S.C. [§] 271(g), while BGG [North] America is
also accused of infringement under 35 U.S.C. [§] 271(b), based on direct infringement
under [§] 271(g)." *Id.* at 20-21 (citing Dkt. 127-2 (Vasquez Decl. Ex. A) at 3).

As stated, Patent Local Rule 3-1 requires a party claiming infringement to
identify its infringement theory "as specific[ally] as possible" and to "identify[]
specifically where and how each limitation of each asserted claim is found within each
Accused Instrumentality…." *See* Patent Local Rule 3-1(b), (c).  Furthermore, the
Infringement Contentions must contain, "[f]or each claim which is alleged to have
been indirectly infringed, an identification of any direct infringement and a description
of the acts of the alleged indirect infringer that contribute to or are inducing that direct
infringement." *Id.* Rule 3-1(d).

Plaintiff's Infringement Contentions did not provide the required information
with respect to ARN's § 271(b) induced infringement claim, nor did Plaintiff seek
leave of court to amend its contentions—despite being advised of this omission by
Defendants.  *See* Dkt. 112-6 (Nese Decl. Ex. D) at 2 ("ARN's contentions do not
allege indirect infringement under 35 U.S.C. [§] 271(b), nor do the contentions
identify a direct infringer or description of the acts, as required by Patent L.R. 3-
1(d).")  Courts have recognized that a party may not informally supplement
infringement contentions after the fact through correspondence with the other party or
through briefing to the court.  *See Finjan, Inc. v. Proofpoint, Inc.*, Case No. 4:13-cv-
05808-HSG, 2015 U.S. Dist. LEXIS 44038, at *14 (N.D. Cal. Apr. 2, 2015); *see*
Patent Local Rule 3-6 ("Amendment of the Infringement Contentions or the Invalidity
Contentions may be made only by order of the Court upon a timely showing of good
cause.").

The court, therefore, GRANTS Defendants' Motion to Strike and EXCLUDES
Dr. Rockstraw's opinions regarding indirect infringement under § 271(b) with respect

to Defendant Beijing Gingko.  *See O2 Micro*, 467 F.3d at 1367-69 (affirming district court's refusal to consider expert evidence and exclude evidence for failure to move to amend infringement contentions diligently).

### 3.  Infringement Based on Documents Produced in Discovery

Defendants also move to strike Dr. Rockstraw's opinions regarding infringement based on the following identified documents: (1) the "September 20, 2013 Form 1294" flowchart, BGG0018635 (Dkt. 124 ¶¶ 70-72, 76-79); (2) the "February 2015 Form 1294" flowchart, BGG0010166 (Dkt. 124 ¶¶ 80-83); (3) the "September 2015 SIDI" flowchart, BGG0009528 (Dkt. 124 ¶¶ 87-105); and (4) the "April 2014 Manufacturing Process" document, BGG0000009 (Dkt. 124 ¶¶ 106-65). Dkt. 112-1 (Mot. Br.) at 18-19.  According to Defendants, Dr. Rockstraw's opinions regarding these documents are improper because the only instrumentality identified and accused in the Infringement Contention was the document titled: "Standardized Information on Dietary Ingredients (SIDI) Annatto Tocotrienols 70," Dkt. 42-2, including the flowchart listed on page 8 (the "March 2018 SIDI document"), and because Plaintiff never amended or sought leave to amend its Infringement Contents. *Id.*

Plaintiff argues these four additional documents describe the single accused process employed by Defendants for the extraction of annatto tocotrienols and notes that Defendants have maintained they have used essentially the same process for producing annatto tocotrienol throughout the entire time in question.  Dkt. 127 (Opp.) at 21.  According to Plaintiff, it was under no obligation to move for leave to supplement its Infringement Contentions when Defendants produced confidential information in discovery or when Plaintiff obtained additional information regarding Defendants' processes.  Dkt. 127 (Opp.) at 5-6.  Plaintiff contends that, "[u]nder Defendants' flawed interpretation of the requirements for infringement contentions, a patentee would constantly need to amend contentions whenever new evidence supporting already existing infringement theories is discovered, which would result in

endless motion practice." *Id.* at 6.  In support, Plaintiff cites *Wi-LAN Inc. v. LG Elecs., Inc.*, Case No. 3:18-cv-01577-H-BGS, 2019 U.S. Dist. LEXIS 196574, at *13-14 (S.D. Cal. Sept. 18, 2019), to argue that "[t]he Patent Local Rules require that infringement contentions contain sufficient disclosures to comply with Patent Local Rule 3.1(c), but infringement contentions need not disclose specific evidence."  Dkt. 127 (Opp.) at 13.

*Wi-LAN* does not support Plaintiff's argument that it was not obligated to amend its Infringement Contentions after receiving these additional documents in discovery.  To the contrary, the district court expressly stated:

> The Court's Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." [Citations.]  The Patent Local Rules accomplish this "<u>by requiring both the plaintiff and the defendant</u> in patent cases to provide early notice of their infringement and invalidity contentions, and <u>to proceed with diligence in amending those contentions when new information comes to light in the course of discovery</u>.  The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."

*Wi-LAN*, 2019 U.S. Dist. LEXIS 196574, at *5 (quoting *O2 Micro*, 467 F.3d at 1365-66) (citations omitted, emphasis added).[7]

As stated, Patent Local Rule 3-1 requires a party claiming patent infringement to identify separately in its Infringement Contentions, "for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of which the party is aware" and to provide "[a] chart

---

[7] *Wi-Lan*, 2019 U.S. Dist. LEXIS 196574, was filed in the Southern District of California, which has its own Patent Local Rules distinct from those of the Northern District of California.  As S.D. Cal. Patent Local Rule 3.1 establishes substantively similar requirements as N.D. Cal. Patent Local Rule 3.1, and as *Wi-Lan* relied on cases interpreting the Northern District's Patent Local Rules, including *O2 Micro*, 467 F.3d 1355, the court finds that any differences between the two sets of Patent Local Rules are immaterial for purposes of the subject Motion.

identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality…."  Patent Local Rule 3-1(b), (c).  A party's failure to amend its infringement contentions with reasonable diligence justifies exclusion of expert opinion and evidence regarding the undisclosed theories of infringement.  *See O2 Micro*, 467 F.3d at 1368-69.  Here, the additional process steps identified in the aforementioned four documents do not constitute evidence of infringement—these additional steps go directly to Plaintiff's theory of infringement itself and should have been disclosed in amended infringement contentions.[8]  *See id.*

Plaintiff argues Dr. Rockstraw's expert testimony regarding these documents does not introduce new theories of infringement because these four additional documents "describe the single accused process employed by Defendants."  Dkt. 127 (Opp.) at 20.  Regardless of whether the four documents and the March 2018 SIDI document describe the same process, the four additional documents disclose apparatuses, devices, processes, methods, acts, and other instrumentalities that were not reasonably disclosed within the infringement theory set forth in the Infringement Contentions.  For example, the September 20, 2013 Form 1294 flowchart (document BGG0018635) contains different steps from the March 2018 SIDI document ████████████████████████████████████████████████ ███████████████████, while omitting steps listed in the March 2018 SIDI document ████████████████████████████████████████ ███████████████████████████████.  *See* Dkt. 119-1 (Nese Decl. Ex. B, Rockstraw Expert Report) at 22.

_____

[8] It is undisputed Defendants produced the April 2014 Manufacturing Process document, BGG0000009, on June 18, 2019.  Dkt. 118 (Mot. Br.) at 9; Dkt. 112-15 (Nese Decl. Ex. M) (service email for the production).  Thus, Plaintiff had this document in its possession for over 15 months before the close of fact discovery.  Plaintiff offers no reasonable explanation for why it chose not to move to amend the Infringement Contentions upon receipt of this more specific information regarding Defendants' manufacturing process.

Similarly, (1) the February 2015 Form 1294 flowchart, BGG0010166
(identified as "Ding Exhibit 14" in the Rockstraw Expert Report at 27), (2) the
September 2015 SIDI flowchart, BGG0009528 (identified as "Yanmei Li Exhibit 37"
in the Rockstraw Expert Report at 33, 35), and (3) the April 2014 Manufacturing
Process document, BGG0000009 (identified as "BGG's Annatto (D-TT-70)
Production Process Documents" in the Rockstraw Expert Report at 43-44) all include
apparatuses, devices, processes, methods, acts, or other instrumentalities that were not
disclosed within the Infringement Contentions.  *See* Dkt. 127 (Opp., redacted) at 18
and Dkt. 131 (Opp., unredacted) at 19 (showing the flowcharts in question).



Dr. Rockstraw's opinion that the March 2018 SIDI document accurately
represents Defendants' actual manufacturing process is not sufficient to demonstrate
that the Infringement Contentions specifically identify "each accused apparatus,
product, device, process, method, act, or other instrumentality" Plaintiff now seeks to
accuse, as well as "where and how each limitation of each asserted claim is found
within each Accused Instrumentality…."  *See* Patent Local Rule 3-1(b), (c).  Under
the Patent Local Rules, Plaintiff was required to exercise reasonable diligence in
amending its Infringement Contentions to claim infringement based on the
information contained within these documents.  *See O2 Micro*, 467 F.3d at 1365-66;

16

*Wi-LAN*, 2019 U.S. Dist. LEXIS 196574, at *5.  As Plaintiff did not amend its
Infringement Contentions, Dr. Rockstraw's expert opinions regarding the four
additional documents are improper.

Plaintiff further argues Dr. Rockstraw's opinions regarding these documents
should not be excluded because Defendants failed to meet their own obligations under
Patent Local Rule 3-4, which requires a party opposing a claim of patent infringement
to "produce or make available for inspection and copying: (a) Source code,
specifications, schematics, flow charts, artwork, formulas, or other documentation
sufficient to show the operation of any aspects or elements of an Accused
Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart," with
their invalidity contentions.  Dkt. 127 (Opp.) at 15.  According to Plaintiff,
"Defendants failed to identify by production number or otherwise the flowcharts or
other documentation sufficient to show the operation of its accused process at the time
it provided its invalidity contentions," and "Defendants' accused product was not
produced by Defendants until approximately one year after Defendants served their
invalidity contentions."  Dkt. 127 (Opp.) at 15.  While Defendants' alleged delay
might warrant consideration if offered to explain Plaintiff's delay in bringing a motion
for leave to amend its Infringement Contentions, Plaintiff does not explain how
Defendants' alleged conduct excuses Plaintiff's failure to bring such a motion or to
amend its Infringement Contentions after ARN obtained this discovery.  Plaintiff's
argument, thus, fails.

Finally, Plaintiff argues the Motion to Strike should be denied because
Defendants cannot articulate any prejudice they have suffered, nor any actions they
would have or could have taken differently based on the disclosure of the allegedly
"new infringement theories."  Dkt. 127 (Opp.) at 25.  The Federal Circuit, however,
has recognized that where a party fails to act diligently in moving to amend its
infringement contentions, courts need not consider the question of prejudice.
*Phigenix*, 783 Fed. App'x at 1020.  As Plaintiff admits it opted not to amend its

Infringement Contentions, the court need not consider Plaintiff's arguments regarding prejudice.  Regardless, Plaintiff's failure to disclose specifically details regarding these theories until three months after the close of fact discovery would be sufficient to establish prejudice.  *See id* at 1017-18 (holding a patent holder's failure to timely disclose its narrowed infringement theory until after the close of fact discovery warranted exclusion of its expert report because it "markedly transformed the nature of the infringement theory, and consequently, impacted [defendant's] ability to prepare a defense").

In sum, as these four additional documents include apparatuses, devices, processes, methods, acts, or other instrumentalities that were not disclosed in Plaintiff's Infringement Contentions, Dkt. 112-4, and as Plaintiff admits it "opted against amending its initial infringement contentions…," Opp. (Dkt. 127) at 14-15, the court GRANTS Defendants' Motion to Strike and EXCLUDES Dr. Rockstraw's opinions regarding these additional instrumentalities to the extent they are presented to establish Plaintiff's prima facie case of Defendants' infringement of the '453 Patent.  The court reserves ruling on whether Plaintiff may use portions of this testimony and expert evidence at summary judgment or trial to rebut Defendants' theories of non-infringement in the event Defendants present these documents as evidence of non-infringement.

## III.   Conclusion

For the aforementioned reasons, the court GRANTS Defendants' Motion to Strike in its entirety.

IT IS SO ORDERED.


Dated: November 19, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge