Notice has been delivered by First Class U.S. Mail to all counsel (or parties) at their last known address of record in this action on this date

Date: Dec 14 2021, 11:02 am

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER NUTRITION, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>BEIJING GINGKO GROUP BIOLOGICAL TECHNOLOGY CO., LTD, et al.,<br><br>       Defendants. | Case No. 8:18-cv-02201-FLA (JDEx)<br><br>**ORDER GRANTING DEFENDANT KYÄNI, INC.'S MOTION TO STRIKE PORTIONS OF ROCKSTRAW EXPERT REPORT [DKT. 261]** |

## I.    **RULING**

On February 17, 2021, Defendant Kyäni, Inc. ("Kyäni") filed its Motion to Strike Portions of the Rockstraw Expert Report ("Motion to Strike").  Dkt. 261 ("Mot. Br.").[1]  For the reasons stated herein, the court GRANTS Defendant's Motion to Strike in its entirety.

The court additionally notes Defendant Kyäni filed its memorandum in support of its Motion to Strike and supporting documents entirely under seal.  Dkts. 267 to 267-7.  These documents, however, contain information filed publicly in this action and do not appear to be narrowly tailored to protect confidential information only. *Compare, e.g.*, Dkt. 261 *with* Dkt. 112-1.  The court, therefore, ORDERS Defendant Kyäni to file redacted versions of its memorandum and supporting documents in the public record in accordance with the court's prior rulings on the parties' motions to seal.  *See* Local Rule 79-5.2.2(a); *see also* Dkts. 116, 123, 141.

## II.    **BACKGROUND**

This action arises in connection with Defendants Beijing Gingko Group Biological Technology Co., Ltd. ("BGG China"), Jiangsu Xixin Vitamin Co., Ltd. ("BGG America"), and Jinke Group USA Inc. ("JXVC") (collectively, "Beijing Gingko") and Defendant Kyäni's (altogether, "Defendants") alleged infringement of United States Patent No. 6,350,453 B1 (the "Patent-in-Suit" or "'453 Patent"), entitled "Tocotrienols and Geranylgeraniol from *Bixa Orellana* Byproducts," which was issued by the United States Patent & Trademark Office ("USPTO") on February 26, 2002.  Dkt. 42-1 (First Am. Compl., "FAC"); Case No. 21-2613, Dkt. 1 (Compl.).

---

[1] Defendant Kyäni, Inc. initially filed the Motion to Strike in *American River Nutrition, LLC v. Kyäni, Inc.*, Case No. 2:21-cv-02613-FLA (JDEx) (formerly Case No. 4:19-cv-00255-WGY in the District of Idaho) (the "*Kyäni* action" or "Case No. 21-2613").  The *Kyäni* action was consolidated with the subject action on April 1, 2021.  Citations to the docket that do not include a case number will be to the docket in the subject action.

The USPTO's records show the '453 Patent was assigned by the original Assignee, American River Nutrition, Inc., to Plaintiff American River Nutrition, LLC ("ARN" or "Plaintiff") on July 11, 2018 and that ARN recorded the assignment with the USPTO on September 14, 2018.

Plaintiff filed the Complaint in the *Kyäni* action on July 8, 2019, asserting one cause of action against Kyäni for infringement of Claim 1 of the '453 Patent, under 35 U.S.C. § 271(g) ("§ 271(g)"). Case No. 21-2613, Dkt. 1 (Compl.) ¶¶ 19-29. The Complaint alleges "Kyäni uses, offers to sell, imports from China, and sells within the United States a tocotrienol composition formed by practicing the Patented Processes claimed in the Patent-in-Suit." *Id.* ¶ 21.

On October 30, 2019, Judge David C. Nye, in the District of Idaho, issued the following Scheduling Order, setting pretrial and trial dates including:

1) Dispositive Motion Deadline: March 15, 2021;

2) Amendment of Pleadings and Joinder of Parties: February 3, 2020;

3) Completion of Fact Discovery: October 12, 2020;

4) Initial Disclosure of Experts for Parties with the Burden of Proof on an Issue: November 2, 2020;

5) Rebuttal Expert Disclosure: December 14, 2020; and

6) All Expert Discovery Cut-Off: February 15, 2021.

Case No. 21-2613, Dkt. 25.

The *Kyäni* action was transferred to this district on March 25, 2021 and was transferred to this court and consolidated with the subject action on April 1, 2021. Dkt. 150; Case 21-2313, Dkts. 51, 68. This court's March 15, 2021 Scheduling Order governs both consolidated cases. Dkts. 146, 147, 150. Pursuant to the operative Scheduling Order, the Dispositive Motion Filing Deadline expired on May 14, 2021. Dkt. 146 at 2.

On November 13, 2019, Plaintiff served its Infringement Contentions on Kyäni ("Infringement Contentions"), accusing it of infringing Claims 1, 5, 7, and 10 of the '453 Patent. Dkt. 267-2 (Nese Decl. Ex. B). On or around December 30, 2020,

1  Plaintiff served the report of its expert, Dr. David A. Rockstraw ("Dr. Rockstraw")

2  regarding alleged infringement by Kyäni.  Dkt. 261-1 (unredacted) (the "Rockstraw

3  Expert Report").  In the Rockstraw Expert Report, Dr. Rockstraw opines that Kyäni

4  directly infringed at least Claims 1 and 5 of the '453 Patent, and that the Beijing

5  Gingko Defendants infringed Claims 1, 5, 6, 7, and 10 of the '453 Patent, in violation

6  of § 271(g).  *Id.* at 5-6, 17, 37, 43.

7       Defendant Kyäni filed the Motion to Strike on February 17, 2021, requesting

8  the court strike portions of the Rockstraw Expert Report on the grounds that it adds a

9  new claim and accuses new products, processes, or instrumentalities that were not

10  disclosed in Plaintiff's infringement contentions.  Case No. 21-2613, Dkt. 42; Dkt.

11  261 at 5, 23.[2]  Plaintiff filed its opposition on March 10, 2021.  Case No. 21-2613,

12  Dkt. 46-1; Dkt. 262 at 24 ("Opp.," unredacted); Dkt. 268-1 at 24 ("Opp.," redacted).[3]

13  Defendant filed its reply on March 24, 2021.  Case No. 21-2613, Dkt. 50 ("Reply").

14  The court finds the Motion to Strike appropriate for resolution without oral argument.

15  Dkt. 157; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

16       **A.    Legal Standard**

17       District Judge Staton's February 27, 2019 Order Setting Scheduling Conference

18  states the court intends generally to follow the Northern District of California Patent

19  Local Rules ("Patent Local Rules"), with a modification to the presumptive schedule

20

21

22

23

24

25  [2] The court will cite all documents by the page numbers added by the court's CM/ECF
system rather than the page numbers listed within the documents themselves.

26  [3] Plaintiff moved to file its opposition on March 1, 2021 and was granted leave on
March 16, 2021.  Case No. 21-2613 Dkts. 46, 48.  The parties have refiled the moving

27  and opposing papers in this court in line with the court's orders, dated November 19,
2021 and December 8, 2021.  Dkts. 257, 266.

28

4

established under those rules.[4]  Dkt. 41 at 5-6.  Patent Local Rule 3-1 (Disclosure of Asserted Claims and Infringement Contentions) provides:

> Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
>
> (a)  Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;
>
> (b)  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> (c)  A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function[;]
>
> (d)  For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are

---

[4] The *Kyäni* action was originally governed by the District of Idaho's Local Patent Rules, which are available online at: https://www.id.uscourts.gov/district/forms_fees_rules/Patent_Rules.cfm.  The District of Idaho's Local Patent Rules were adopted from the Northern District of California Patent Local Rules and the two sets of rules are substantively identical for purposes of the subject Motion.  *See Fleming v. Escort, Inc.*, Case No. 1:09-cv-00105-BLW, 2011 WL 1542126, at *2 (D. Idaho Apr. 21, 2011).  The Northern District of California Patent Local Rules are available online at: https://cand.uscourts.gov/rules/patent-local-rules/.

inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described[;]

(e)  Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f)  For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; …

(g)  If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim[;]

(h)  Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i)  If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

"'The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims.'" *Bender v. Maxim Integrated Prods., Inc.*, Case No. 3:09-cv-01152-SI, 2010 U.S. Dist. LEXIS 32115, at *2 (N.D. Cal. Mar. 22, 2010) (quoting *Intertrust Techs. Corp. v. Microsoft Corp.*, Case No. 4:01-cv-01640-SBA, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003)).  Patent Local Rule 3-1 "is a discovery device that 'takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Id.* (quoting *Network Caching Tech. LLC v. Novell, Inc.*, Case No. 3:01-02079-VRW, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal. Aug.13, 2002)).  For infringement contentions to satisfy Patent Local Rule 3-1, the issuing party must compare the accused products to its patent on a claim by claim and element by element basis. *Id.*

/ / /

The Patent Local Rules are "designed to require parties to crystalize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). "The ability of parties to amend [infringement] contentions is restricted. Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for 'good cause'...." *Id.* at 1359-60; Patent Local Rule 3-6 ("Amendment of the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause."). Courts "have understood the good cause requirement in the local patent rules to require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *Id.* at 1363. "The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." Patent Local Rule 3-6.

Both the Ninth and Federal Circuits have held that "the exclusion of evidence is often an appropriate sanction for a party's failure to comply with the patent local rules." *Phigenix, Inc. v. Genentech, Inc.*, 783 Fed. App'x 1014, 1020 (Fed. Cir. 2019) (citing *O2 Micro*, 467 F.3d at 1369, and *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)). Where a party fails to act diligently in moving to amend its infringement contentions, courts need not consider the question of prejudice. *Id.* (citing *O2 Micro*, 467 F.3d at 1368).

**B.    Analysis**

Defendant Kyäni moves to strike the following portions of the Rockstraw Expert Report, Dkt. 261-1, on the grounds that they assert new claims and infringement theories and accuse new products, processes, or instrumentalities that were not disclosed in Plaintiff's Infringement Contentions:

1. Infringement of Claim 6 of the Patent-in-Suit (Dkt. 261-1 ¶¶ 6-7, 46 (third bullet), 107-08, 134, 159); and

2. Infringement based on documents produced in discovery:

7

a. the "September 2015 SIDI" flowchart, BGG0009528 (*id.* ¶¶ 53, 57-85); and

b. the "April 2014 Manufacturing Process" document, BGG0000009 (*id.* ¶¶ 53, 86-158).

Dkt. 261 (Mot. Br.) at 5.

Plaintiff contends these portions of the Rockstraw Expert Report are proper because ARN provided Defendant with sufficient notice of its infringement theory at the outset of this case. Dkt. 268-1 (Opp.) at 5. The court will address the parties' arguments with respect to each of the two challenged theories in turn.

### 1.    Infringement of Claim 6 of the Patent-in-Suit

Defendant Kyäni requests the court strike Dr. Rockstraw's opinions regarding Claim 6 of the '453 Patent, on the grounds that Plaintiff's Infringement Contentions failed to identify or provide information regarding this claim, as required by Patent Local Rule 3-1. Dkt. 261 (Mot. Br.) at 15. The Complaint alleges Kyäni violated Claim 1 of the '453 Patent only. Case No. 21-2613, Dkt. 1 (Compl.) ¶¶ 12-13, 21-22. Plaintiff's Infringement Contentions include information regarding Claims 1, 5, 7, and 10, and do not discuss or provide any information regarding infringement of Claim 6. Dkt. 267-2 (Infringement Contentions) at 3; *see generally id.*

Plaintiff responds that these opinions should not be stricken because Kyäni was "well aware that ARN was asserting claim 6 of the '453 Patent … as it was specifically raised as an asserted claim in both ARN's original complaint and its amended complaint filed in the Central District of California." Dkt. 268-1 (Opp.) at 17. The court disagrees. Kyäni was not named in Plaintiff's Complaint and FAC against the Beijing Gingko Defendants, *see* Dkts. 1, 42, and Plaintiff never filed or sought leave to file an amended complaint after this action was consolidated with the *Kyäni* action. ARN has never accused Kyäni of infringing Claim 6 in any pleading. Accordingly, Plaintiff's first argument fails.

Plaintiff next contends "Kyäni was aware that infringement of Claim 6 is interwoven into any theory of infringement addressing Claim 1 of the '453 Patent

1    ("Claim 1") in light of the Court's claim construction of the term 'a byproduct

2    solution of *Bixa Orellana* seed components.'"  Dkt. 268-1 (Opp.) at 17.  Plaintiff

3    further contends Kyäni should have known of ARN's infringement theories as to

4    Claim 6 because Claim 7 of the '453 Patent is a dependent claim of Claim 6, per a

5    certificate of correction ARN filed with the USPTO, which was accepted on October

6    10, 2017.  *Id.* at 18.  Thus, Plaintiff concludes Claim 6 is not a "new patent claim" and

7    that Dr. Rockstraw's testimony regarding this claim should not be stricken.  *Id*.  The

8    court disagrees.

9        Patent Local Rule 3-1 requires a party claiming patent infringement to provide,

10   in its infringement contentions, information including: "(a) Each claim of each patent

11   in suit that is allegedly infringed by each opposing party …; (b) Separately for each

12   asserted claim, each accused apparatus, product, device, process, method, act, or other

13   instrumentality ('Accused Instrumentality') of each opposing party of which the party

14   is aware.  …; [and] (c) A chart identifying specifically where and how each limitation

15   of each asserted claim is found within each Accused Instrumentality, including for

16   each limitation that such party contends is governed by 35 U.S.C. § 112(6), the

17   identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that

18   performs the claimed function."

19       Plaintiff's Infringement Contentions do not identify where and how the accused

20   process performs the limitation: "6. The method of claim 1, therein the byproduct

21   solution of *Bixa orellana* seed components includes a geranylgeraniol component."

22   *Compare* Dkt. 267-2 (Infringement Contentions) *with* Dkt. 42-1 ('453 Patent) at 8:47-

23   49.  Plaintiff did not provide this information in its initial Infringement Contentions

24   and did not subsequently supplement or seek leave to amend its Infringement

25   Contentions.  Dkt. 268-1 (Opp.) at 13 (stating Plaintiff opted against amending its

26   Infringement Contentions).  Accordingly, the court agrees with Kyäni that

27   Rockstraw's expert opinions regarding infringement of Claim 6 should be excluded.

28   *See Phigenix*, 783 Fed. App'x at 1020.

9

As the Federal Circuit has explained, it is difficult to allow the parties to discover their opponent's theories of liability through traditional discovery, and "[t]he local patent rules in the Northern District of California are designed to address this problem by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro*, 467 F.3d at 1365-66.

Thus, it is not sufficient that Plaintiff's claims against other Defendants may have placed Kyäni on notice that ARN intended to assert infringement of Claim 6 against Kyäni, or that Kyäni might have been able to guess Plaintiff's infringement theory based on the court's claim constructions and Plaintiff's contentions regarding other claims.[5] Under the Patent Local Rules, ARN had an affirmative duty to disclose its infringement theory regarding Claim 6 and to include in its Infringement Contentions the detail required by Patent Local Rule 3-1, but it failed to do so prior to serving Kyäni with the Rockstraw Expert Report—which occurred after claim construction and over two months after the close of fact discovery.

Similarly, that Kyäni's technical expert, Dr. Sean O'Keefe ("Dr. O'Keefe"), discussed Claim 6 in his expert report is also irrelevant because Plaintiff—not Kyäni—bears the burden of disclosure under Patent Local Rule 3-1. As Plaintiff itself acknowledges, "[e]xpert reports may not introduce new theories of infringement not previously set forth in a party's infringement contentions." Dkt. 268-1 (Opp.) at 16

---

[5] While Plaintiff's Infringement Contentions stated "Geranylgeraniol has also been discovered to exist in the seeds of *Bixa orellana*" in connection with Plaintiff's infringement theory for Claim 7 of the '453 Patent, the Infringement Contentions appear to have been drafted assuming Claim 7 was dependent on Claim 1. *See* Dkt. 267-2 at 10 (identifying Claim 7 as "[t]he method of claim 1, further including…"). This disclosure was not sufficient to place Defendants on notice that Plaintiff intended to assert infringement of Claim 6 of the Patent-in-Suit against Kyäni or to satisfy the requirements of Patent Local Rule 3-1.

1  (quoting *Ilife Techs., Inc. v Nintendo of Am., Inc.*, Case No. 3:13-cv-04987-M, 2017

2  U.S. Dist. LEXIS 87769, at \*62-63 (N.D. Tex. May 30, 2017)).[6]

3      The court, therefore, GRANTS Defendant Kyäni's Motion to Strike as to these

4  opinions and EXCLUDES Dr. Rockstraw's opinions regarding Claim 6 of the '453

5  Patent.  *See Phigenix*, 783 Fed. App'x at 1018, 2020 (holding broader theory disclosed

6  in infringement contentions was not sufficiently specific to disclose a narrowed theory

7  and affirming exclusion of evidence); *see also O2 Micro*, 467 F.3d at 1369 (excluding

8  evidence for party's failure to comply with patent local rules).

9      This ruling is limited to Plaintiff's use of Dr. Rockstraw's opinions to assert

10  infringement of Claim 6 of the '453 Patent by Defendant Kyäni.  As the Infringement

11  Contentions identified the presence of geranylgeraniol within the tocotrienol

12  composition in its discussion of Claim 7, Dkt. 267-2 at 10, Dr. Rockstraw may testify

13  and present evidence regarding the presence of geranylgeraniol in the "byproduct

14  solution of *Bixa Orellana* seed components" for purposes of establishing infringement

15  of Claims 7 and 10 of the '453 Patent.

16      **2.   Infringement Based on Documents Produced in Discovery**

17      Defendant also moves to strike Dr. Rockstraw's opinions regarding

18  infringement based on the following identified documents: (1) the "September 2015

19  _____

20  [6] *Ilife*, 2017 U.S. Dist. LEXIS 87769, at \*49, recognized that "merely because a party

21  was on notice of a potential theory of infringement does not show that the party would

22  not be unfairly prejudiced by untimely infringement contentions" and amendments

thereto.  *See also id.* at \*49-50 (declining leave to amend invalidity contentions,

23  finding the proposed new theories "will undoubtedly require entirely new responses

and counter arguments from [the opposing party], and asserting them so late in this

24  litigation is highly prejudicial").  Although *Ilife* involved consideration of the

25  Northern District of Texas Local Patent Rules rather than the Northern District of

California Patent Local Rules or District of Idaho Local Patent Rules at issue here, *id.*

26  at \*22, as Plaintiff cited this case in its opposition and as *Ilife* repeatedly cited and

27  relied on *O2 Micro*, 467 F.3d at 1369 (discussing the N.D. Cal. Patent Local Rules),

the court finds differences between these sets of Patent Local Rules are immaterial for

28  purposes of the subject Motion.

SIDI" flowchart, BGG0009528 (Dkt. 261-1 ¶¶ 53, 57-85); and (2) the "April 2014 Manufacturing Process" document, BGG0000009 (Dkt. 261-1 ¶¶ 53, 86-158).  Dkt. 261 (Mot. Br.) at 15-16.  According to Kyäni, Dr. Rockstraw's opinions regarding these documents are improper because the only instrumentality identified and accused in the Infringement Contention was the document titled: "Standardized Information on Dietary Ingredients (SIDI) Annatto Tocotrienols 70," Dkt. 42-2, including the flowchart listed on page 8 (the "March 2018 SIDI document"), and because Plaintiff never amended or sought leave to amend its Infringement Contents.  Dkt. 261 (Mot. Br.) at 16.

Plaintiff argues these two additional documents describe the single accused process employed by Defendants for the extraction of annatto tocotrienols and notes that Defendants have maintained they have used essentially the same process for producing annatto tocotrienol throughout the entire time in question.  Dkt. 268-1 (Opp.) at 19.  Plaintiff further contends it was under no obligation to move for leave to supplement its Infringement Contentions when Defendants produced confidential information in discovery or when Plaintiff obtained additional information regarding Defendants' processes.  *Id*. at 5-6.  According to Plaintiff, "[u]nder Defendants' flawed interpretation of the requirements for infringement contentions, a patentee would constantly need to amend contentions whenever new evidence supporting already existing infringement theories is discovered, which would result in endless motion practice."  *Id*. at 6.  In support, Plaintiff cites *Wi-LAN Inc. v. LG Elecs., Inc.*, Case No. 3:18-cv-01577-H-BGS, 2019 U.S. Dist. LEXIS 196574, at *13-14 (S.D. Cal. Sept. 18, 2019), to argue that "[t]he Patent Local Rules require that infringement contentions contain sufficient disclosures to comply with Patent Local Rule 3.1(c), but infringement contentions need not disclose specific evidence."  Dkt. 268-1 (Opp.) at 12.

/ / /

/ / /

1    *Wi-LAN* does not support Plaintiff's argument that it was not obligated to

2    amend its Infringement Contentions after receiving these additional documents in

3    discovery.  To the contrary, the district court expressly stated:

> The Court's Patent Local Rules "are designed to require parties to
> crystallize their theories of the case early in the litigation and to adhere
> to those theories once they have been disclosed." [Citations.]  The
> Patent Local Rules accomplish this "<u>by requiring both the plaintiff and
> the defendant</u> in patent cases to provide early notice of their
> infringement and invalidity contentions, and <u>to proceed with diligence
> in amending those contentions when new information comes to light in
> the course of discovery</u>.  The rules thus seek to balance the right to
> develop new information in discovery with the need for certainty as to
> the legal theories."

11   *Wi-LAN*, 2019 U.S. Dist. LEXIS 196574, at \*5 (quoting *O2 Micro*, 467 F.3d at 1365-

12   66) (citations omitted, emphasis added).[7]

13       As stated, Patent Local Rule 3-1 requires a party claiming patent infringement

14   to identify separately in its Infringement Contentions, "for each asserted claim, each

15   accused apparatus, product, device, process, method, act, or other instrumentality

16   ('Accused Instrumentality') of which the party is aware" and to provide "[a] chart

17   identifying specifically where and how each limitation of each asserted claim is found

18   within each Accused Instrumentality…."  Patent Local Rule 3-1(b), (c).  A party's

19   failure to amend its infringement contentions with reasonable diligence justifies

20   exclusion of expert opinion and evidence regarding the undisclosed theories of

21   infringement.  *See O2 Micro*, 467 F.3d at 1368-69.  Here, the additional process steps

22   identified in the aforementioned two documents do not constitute evidence of

24   [7] *Wi-Lan*, 2019 U.S. Dist. LEXIS 196574, was filed in the Southern District of
25   California, which has its own Patent Local Rules distinct from those of the Northern
     District of California.  As S.D. Cal. Patent Local Rule 3.1 establishes substantively
26   similar requirements as N.D. Cal. Patent Local Rule 3.1, and as *Wi-Lan* relied on
27   cases interpreting the Northern District's Patent Local Rules, including *O2 Micro*, 467
     F.3d 1355, the court finds that any differences between these sets of Patent Local
28   Rules are immaterial for purposes of the subject Motion.

1   infringement—these additional steps go directly to Plaintiff's theory of infringement
2   itself and should have been disclosed in amended infringement contentions.[8]  *See id.*

3           Plaintiff further argues Dr. Rockstraw's expert testimony regarding these
4   documents does not introduce new theories of infringement because these two
5   additional documents "describe the single accused process employed by Defendants."
6   Dkt. 268-1 (Opp.) at 19.  Regardless of whether the two documents and the March
7   2018 SIDI document describe the same process, the two additional documents
8   disclose apparatuses, devices, processes, methods, acts, and other instrumentalities
9   that were not reasonably disclosed within the infringement theory set forth in the
10  Infringement Contentions.  For example, the September 2015 SIDI flowchart,
11  BGG0009528 (identified as "Yanmei Li Exhibit 37" in the Rockstraw Expert Report
12  at 22, 24), contains different steps from the March 2018 SIDI document ███████
13  ████████████████████████████████████████████████████████████████████
14  ████████████████, while omitting steps listed in the March 2018 SIDI
15  document ██████████████████████████████.  *See* Dkt. 262 (Opp.,
16  unredacted) at 20 (showing the flowcharts in question); Dkt. 261-1 (Nese Decl. Ex. A,
17  Rockstraw Expert Report) at 24.  Similarly, the April 2014 Manufacturing Process
18  document, BGG0000009 (identified as "BGG's April 2014 Production Process
19  Documents for Annatto (D-TT-70)" in the Rockstraw Expert Report, Dkt. 261-1 at 31-
20  32) includes apparatuses, devices, processes, methods, acts, or other instrumentalities
21  that were not disclosed within the Infringement Contentions.  *See* Dkt. 262 (Opp.,
22  unredacted) at 20-21 (showing the flowcharts in question).

23  _____

24  [8] It is undisputed Defendants produced the April 2014 Manufacturing Process
25  document, BGG0000009, on June 18, 2019.  Dkt. 261 (Mot. Br.) at 19; Dkt. 267-7
    (Nese Decl. Ex. K) (service email for the production).  Thus, Plaintiff had this
26  document in its possession for over 15 months before the close of fact discovery.
27  Plaintiff offers no reasonable explanation for why it chose not to move to amend the
    Infringement Contentions upon receipt of this more specific information regarding the
28  Beijing Gingko Defendants' manufacturing process.

1 ████████████████████████████████

2 ████████████████████████████████

3 ████████████████████████████████

4 ████████████████████████████████

5 █████████████████████████████████

6 ████████████████████████████████

7 ███████████████████████████████

8 █████████████████  To the contrary, Dr. O'Keefe testified "[n]one of the

9 other process documents that Dr. Rockstraw relies upon in his report to allegedly

10 show infringement of the '453 patent by Defendant are accurate representations of the

11 *actual* BGG Manufacturing Process that is used by BGG.  This includes the so-called

12 September 2015 SIDI document (Ex. 7, BGG009528) (Rockstraw Rep. at ¶¶ 57-85),

13 and the so-called "March 2018 SIDI" document (Ex. 8, DE 42-2) (Rockstraw Rep. at

14 ¶¶ 147-159)."  *Id.* at 46 (emphasis in original).

15　　Dr. Rockstraw's opinion that the March 2018 SIDI document accurately

16 represents Defendants' actual manufacturing process is not sufficient to demonstrate

17 that the Infringement Contentions specifically identify "each accused apparatus,

18 product, device, process, method, act, or other instrumentality" Plaintiff now seeks to

19 accuse, as well as "where and how each limitation of each asserted claim is found

20 within each Accused Instrumentality…."  *See* Patent Local Rule 3-1(b), (c).  Under

21 the Patent Local Rules, Plaintiff was required to exercise reasonable diligence in

22 amending its Infringement Contentions to claim infringement based on the

23 information contained within these documents.  *See O2 Micro*, 467 F.3d at 1365-66;

24 *Wi-LAN*, 2019 U.S. Dist. LEXIS 196574, at *5.  As Plaintiff did not amend its

25 Infringement Contentions, Dr. Rockstraw's expert opinions regarding the two

26 additional documents are improper.

27　　Plaintiff further argues Dr. Rockstraw's opinions regarding these documents

28 should not be excluded because Defendants failed to meet their own obligations under

15

Patent Local Rule 3-4, which requires a party opposing a claim of patent infringement to "produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart," with their invalidity contentions. Dkt. 268-1 (Opp.) at 13-14.  According to Plaintiff, "Kyäni failed to identify by production number or otherwise the flowcharts or other documentation sufficient to show the operation of its accused process at the time it provided its invalidity contentions." *Id.* at 15.  While Kyäni's alleged delay might warrant consideration if offered to explain Plaintiff's delay in bringing a motion for leave to amend its Infringement Contentions, Plaintiff does not explain how Kyäni's alleged conduct excuses Plaintiff's failure to bring such a motion or to amend its Infringement Contentions after ARN obtained this discovery.  Plaintiff's argument, thus, fails.

Finally, Plaintiff argues the Motion to Strike should be denied because Kyäni cannot articulate any prejudice it has suffered, nor any actions it would have or could have taken differently based on the disclosure of the allegedly new infringement theories. Dkt. 268-1 (Opp.) at 23.  The Federal Circuit, however, has recognized that where a party fails to act diligently in moving to amend its infringement contentions, courts need not consider the question of prejudice.  *Phigenix*, 783 Fed. App'x at 1020.  As Plaintiff admits it opted not to amend its Infringement Contentions, the court need not consider Plaintiff's arguments regarding prejudice.  Regardless, Plaintiff's failure to disclose specifically details regarding these theories until two months after the close of fact discovery would be sufficient to establish prejudice.  *See id* at 1017-18 (holding a patent holder's failure to timely disclose its narrowed infringement theory until after the close of fact discovery warranted exclusion of its expert report because it "markedly transformed the nature of the infringement theory, and consequently, impacted [defendant's] ability to prepare a defense").

In sum, as these two additional documents include apparatuses, devices, processes, methods, acts, or other instrumentalities that were not disclosed in Plaintiff's Infringement Contentions, Dkt. 267-2, and as Plaintiff admits it "opted against amending its initial infringement contentions…," Dkt. 268-1 (Opp.) at 13, the court GRANTS Defendant Kyäni's Motion to Strike and EXCLUDES Dr. Rockstraw's opinions regarding these additional instrumentalities to the extent they are presented to establish Plaintiff's prima facie case of Kyäni's infringement of the '453 Patent.  The court reserves ruling on whether Plaintiff may use portions of this testimony and expert evidence at summary judgment or trial to rebut Defendants' theories of non-infringement in the event Defendants present these documents as evidence of non-infringement.

**III.    <u>Conclusion</u>**

For the aforementioned reasons, the court GRANTS Defendant Kyäni's Motion to Strike in its entirety.


IT IS SO ORDERED.


Dated: December 14, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge